Darwin Darby MOTTLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00893–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1992.

James C. McBride, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Colleen Barnett, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

OPINION

DUNN, Justice.

Mottley pleaded guilty to the offense of possession of a controlled substance—namely, cocaine—in violation of TEX. HEALTH & SAFETY CODE ANN. §§ 481.115 and 481.102(3)(D) (Vernon 1992), and was sentenced to 18 years, under a plea bargain. He appeals, bringing a single point of error complaining of the trial court's denial of his pretrial motion to suppress certain evidence. We affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), the evidence on the hearing on the motion to suppress shows that in May 1991 a group of Houston police officers executed a search warrant on a house at which an

undercover drug purchase had previously been made. The officers got out of their vehicles and approached the house wearing raid jackets identifying them as Houston police officers. They saw appellant and another man standing on the front porch, and called to them, ordering both to remain where they were. Appellant refused, and instead ran into the house. Officer Sanders gave chase, and placed appellant under arrest. Appellant was handcuffed and searched, and Sanders found a plastic baggie in appellant's front pants pocket, which contained nine white rocks later determined to be crack cocaine.

Appellant contends that it was error to deny his motion to suppress the cocaine recovered from his pocket, arguing that (a) there was no reasonable basis for the officers to suspect that appellant was engaged in criminal activity, because standing on the front porch was "as consistent with innocent activity as with criminal activity," *Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim.App.1983), and that (b) in turn, under *Daniels v. State*, 718 S.W.2d 702, 704–705 (Tex.Crim.App.1986), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), the police officers had no reasonable suspicion for detaining appellant by ordering him to halt, and finally, that (c) the detention and subsequent search of appellant were therefore illegal, mandating suppression of the cocaine under *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914) and its progeny.

█ When a search warrant is executed upon a residence, an occupant of the premises may be detained for the duration of the search, without a showing of probable cause. *Michigan v. Summers*, 452 U.S. 692, 704–705, 101 S.Ct. 2587, 2595–2596, 69 L.Ed.2d 340 (1981); *Lippert v. State*, 664 S.W.2d 712, 722 (Tex.Crim.App. 1984). This limited exception to the probable cause requirement does not extend to those merely on the premises at the time of execution of the search warrant. *Lippert*, 664 S.W.2d at 722. Under *Daniels* and the other progeny of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), however, a police officer may, in the absence of probable cause for an arrest and search, nonetheless validly stop a person and detain him briefly for questioning if he has a reasonable suspicion, based on specific and articulable facts and rational inferences from those facts, that the person may be connected with criminal activity. *Daniels*, 718 S.W.2d at 704–705.

█ Appellant's presence on the premises was a specific and articulable fact which gave rise to a rational inference that appellant was an occupant of the premises, and sufficed to permit the police officers to detain appellant briefly to ascertain whether appellant was indeed an occupant of the premises. *See Summers*, 452 U.S. at 693, 101 S.Ct. at 2589 (upon arrival to execute search warrant on residence, police encountered respondent descending the front steps and detained him); *Lippert*, 664 S.W.2d at 720–21 (appellant entered house during execution of search warrant and was properly *detained*, even though subsequent *search* of his person was illegal in absence of flight, other attempt to resist detention, or a showing that he was committing or about to commit a criminal offense). The detention the officers sought to effect by the shouted order to halt was legal.

█ Appellant's flight constituted the offense of evading detention, under TEX. PENAL CODE ANN. § 38.04 (Vernon Supp.1992). The officers saw the alleged offense. They were therefore permitted to arrest appellant for the alleged offense committed in their presence, TEX.CODE CRIM.P.ANN. art. 14.01 (Vernon 1977), and they did indeed lawfully arrest appellant. Incident to that lawful arrest, they were permitted to search appellant's person in order to remove any weapons that he might use to resist arrest or to escape, and to find and seize any evidence on his person in order to prevent its concealment or destruction. *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969).

The trial court did not err in denying appellant's motion to suppress. Appel-

lant's sole point of error is overruled, and the judgment is affirmed.