Jeffrey Barrett BROCHU, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–00117–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1996.

R. Scott Shearer, Houston, for appellant.

Andrew J. Cozby, Houston, for appellee.

Before YATES, FOWLER and EDELMAN, JJ.

## OPINION

FOWLER, Justice.

Appellant entered a plea of not guilty before the jury to possession of a controlled substance in an amount less than twenty-eight grams. TEX. HEALTH & SAFETY CODE ANN. § 481.117 (Vernon 1992).[1] The jury found him guilty and the trial court assessed punishment at ten years probation and a $500 fine. Appellant brings six points of error, contending the trial court erred in failing to include an instruction in the jury charge and denying his motion to suppress. Appellant also challenges the legal and factual sufficiency of the evidence to support his conviction. We affirm.

### FACTS AND PRIOR POSTURE

On June 18, 1993, four Houston Police Officers went to the residence at 5613 Dorothy Ann Street to serve a felony arrest warrant on Michael Kelly. Deputy William Thomas knocked on the door and appellant answered. Deputy Thomas inquired as to whether Michael Kelly lived there and appellant informed the officer that Kelly did not at that time, but had been at the house the previous weekend. Deputy Thomas asked appellant to show him identification to prove he was not Michael Kelly. Deputy Thomas testified that appellant invited the officers

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. See Acts 1993, 73rd Leg., ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

into the house while he went to get his driver's license. The officers waited in the foyer and the living room as appellant went to his bedroom to get his identification. While the officers were waiting, Deputy Shinneman spotted something suspicious on the coffee table and told Deputy Thomas to look at it. Deputy Thomas observed a metal socket with some burnt residue. The socket rested on a plate and had ashes around it. The deputies field tested the ashes for cocaine, and they tested positive. After the ashes tested positive, the deputies asked appellant if he knew of any more drugs in the house. Appellant then retrieved a plate with some powder and a straw, which also tested positive for cocaine. Appellant was placed under arrest for possession of cocaine.

## POINTS OF ERROR

■ In appellant's first point of error, he contends the trial court erred in failing to submit, pursuant to article 38.23 of the Texas Code of Criminal Procedure, a requested jury instruction regarding whether the deputies were invited into appellant's residence and if the deputies conducted a legal plain view seizure. Article 38.23 provides in mandatory terms that a jury is to be instructed to resolve factual disputes over whether evidence was illegally obtained, and therefore, inadmissible. *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986); *see Murphy v. State,* 640 S.W.2d 297, 299 (Tex.Crim.App. 1982); *Thomas v. State,* 884 S.W.2d 215, 217 (Tex.App.—El Paso 1994, pet. ref'd). An instruction under 38.23 directs a jury to disregard what it determines is illegally obtained evidence. *See Thomas,* 723 S.W.2d at 707. A trial court is required to include a properly worded article 38.23 instruction in the jury charge only if there is a factual dispute as to how the evidence was obtained. *Id.*

■ Appellant contends he was entitled to an article 38.23 instruction because he testified that he did not invite the deputies into his house, thereby creating a fact issue with Deputy Thomas's testimony. However, even if a fact issue exists as to whether he invited the deputies into his residence, article 38.23

provides an exception. Article 38.23(b) provides:

It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based upon probable cause.

The record demonstrates that all of article 38.23(b)'s requirements were met. First, the evidence was obtained by law enforcement officers "acting in objective good faith reliance" upon an arrest warrant. Deputy Thomas testified that he and the other officers were at the residence of 5613 Dorothy Ann because they were attempting to serve a valid felony warrant on Michael Kelly. Second, in the motion to suppress hearing, the trial court determined that a valid capias existed and was based on an indictment for Michael Kelly. *See Polk v. State,* 749 S.W.2d 813, 817 (Tex.Crim.App.1988); *Brooks v. State,* 642 S.W.2d 791, 795 (Tex.Crim.App. [Panel Op.] 1982). Given the fact that the deputies were acting in reliance upon a valid warrant, the question becomes whether the deputies reasonably had a question about appellant's identity after he told them who he was.

The record clearly shows that the deputies did not know whether to believe appellant's claim that he was not Michael Kelly. They had a valid arrest warrant indicating that Michael Kelly lived at the address, so when appellant told them he was not Michael Kelly but that Michael Kelly had been there the previous weekend, they asked appellant for his identification. While waiting for appellant, they were standing in appellant's foyer and living room when they saw the sockets. Because the deputies had an arrest warrant for Michael Kelly and had information that Kelly could be found at appellant's residence, they had a right to be at the residence until they determined that appellant was not Kelly. This evidence confirms that the deputies were acting reasonably when they wanted to confirm appellant's identity. *See Mottley v. State,* 841 S.W.2d 550, 551 (Tex.App.—Houston [1st Dist.] 1992, no pet.).

■ Moreover, even if appellant had not given the deputies permission to enter, by

virtue of the warrant, i.e., the capias, they had a right to enter the house and could have used force to enter. *See* TEX.CODE CRIM. PROC.ANN. art. 15.25 (Vernon 1979) (officer may break door if necessary to make felony arrest if he is refused admittance); *Anderson v. State*, 787 S.W.2d 221, 228 (Tex.App.—Ft.Worth 1990). So until appellant's identity was determined, the deputies were entitled to be in the residence. Furthermore, law enforcement officers may legally detain a person for criminal investigation when the detention is based on reasonable suspicion and is limited in time and in scope of the investigation. *United States v. Brignoni–Ponce*, 422 U.S. 873, 881–82, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975); *Ussery v. State*, 651 S.W.2d 767, 770 (Tex.Crim.App.1983). We find article 38.23(b) applies and the trial court was correct in not giving an article 38.23 instruction. Because the deputies saw the socket with the burnt residue in plain view while acting lawfully under article 38.23(b) the evidence was admissible. We overrule appellant's first point of error.

 In appellant's fourth, fifth, and sixth points of error, he contends the trial court erred in denying his motion to suppress. In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State*, 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Because the trial judge is the sole factfinder at a hearing on a motion to suppress evidence obtained in a search, an appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State*, 782 S.W.2d 529, 532 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). An appellate court will not reverse the trial court's decision on the admissibility of the evidence unless the judge clearly abused his discretion. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

In appellant's fourth point of error, he alleges that the trial court abused its discretion by denying his motion to suppress because the State failed to produce a valid arrest warrant or prove the reasonableness of the arrest according to the recognized statutory exceptions to the warrant requirement. We view appellant's argument as alleging the State failed to produce the writ of capias and the underlying indictment issued for Michael Kelly.

At a hearing outside the jury's presence, the trial judge instructed the prosecutor to go to the 351st District Court and have the clerk bring the file for Michael Kelly, who was being prosecuted in the 351st, and to get the original capias. The trial judge then called a recess so the prosecutor could produce the warrant. After the recess, the prosecutor tendered to the court the file on Michael Kelly and produced the original unexecuted capias for Kelly. The court ordered a certified copy of the capias and it is in our record for review.

 This court cannot review the sufficiency of the evidence to support an indictment, or question whether the grand jury had probable cause to indict. *Green v. State*, 839 S.W.2d 935, 941 (Tex.App.—Waco 1992, pet. ref'd). A capias is issued by a district clerk under article 23.03: "(a) A capias shall be issued by the district clerk upon each indictment for felony presented, after bail has been set or denied by the judge of the court." *See* TEX.CODE CRIM.PROC.ANN. art. 23.03(a) (Vernon 1989).

 In the present case, the State submitted the entire file of Michael Kelly for the trial court's review. The trial judge examined the file and determined the indictment and the capias were in the 351st District Court's file for Michael Kelly. The State did not have the burden of entering Kelly's indictment into evidence. If appellant desires an appellate review of the warrant and supporting affidavit, i.e., the indictment and capias, he must offer a copy thereof for the record. *Gant v. State*, 649 S.W.2d 30, 33 (Tex.Crim.App.1983). We overrule appellant's fourth point of error.

 Appellant asserts in his fifth point of error, the trial court erred in denying his motion to suppress because he did not consent to the deputies' entry into his home. We have already held in the fourth point of

error that the deputies had a valid warrant when they went to appellant's house in search of Michael Kelly. When the appellant answered the door, the deputies still had a right to be at the house. Therefore, whether appellant gave the deputies consent to enter his home is immaterial because at the point the deputies entered they were executing a valid warrant and at that time had no proof that appellant was not Michael Kelly. Moreover, Deputy Thomas testified that appellant invited the deputies into the house, even though the appellant denies the statement. The fact that the evidence in this case is conflicting as to whether appellant gave consent for the deputies to come into his house is of no consequence. The trial court is the sole factfinder at a hearing on a motion to suppress evidence, and may choose to believe or disbelieve any or all of the witnesses' testimony. *Harris v. State*, 882 S.W.2d 61, 64 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Because evidence in the record supports the trial court's finding that appellant gave the deputies permission to enter his residence, we are not at liberty to disturb that finding. *Id.* Therefore, appellant's fifth point of error is overruled.

■■■■ Appellant's sixth point of error, alleges the trial court erred in denying his motion to suppress because the deputies conducted an illegal plain view search and seizure. Items in plain view may be seized by law enforcement officers if two conditions are met: 1) the initial intrusion must be proper, in other words, the police have a right to be where they are when the discovery was made; and 2) it must be immediately apparent to the police that they have evidence before them, i.e., probable cause to associate the property with criminal activity. *State v. Haley*, 811 S.W.2d 597, 599 (Tex.Crim.App. 1991); *Green v. State*, 866 S.W.2d 701, 704 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

The first requirement is met, in that we have already held that the deputies had sufficient grounds to be in appellant's house. While the deputies were in the foyer of appellant's house, Deputy Shinneman tapped Deputy Thomas on the shoulder and told him to look at the coffee table. Deputy Thomas testified that from about twenty feet away he observed a metal socket that appeared to be a crack pipe. He stated that metal sockets are commonly used to smoke crack cocaine. He also stated there was some burnt residue on the edge of the socket, and there was residue on a platter. Moreover, Deputy Thomas stated that it was his opinion that the socket was used as a crack pipe and he formed that opinion before he walked over to the coffee table. The deputies then field tested the socket and it tested positive for cocaine. Therefore, we do not find the trial court abused its discretion in overruling appellant's motion to suppress. Appellant's sixth point of error is overruled.

■■■■ Appellant challenges the legal sufficiency of the evidence in his second point of error. Appellant contends the evidence was insufficient to prove that he was in possession of a controlled substance. The standard for a legal sufficiency challenge is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim.App.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). In conducting this review, we are not to reevaluate the weight and credibility of the evidence, but to act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence to establish the defendant is guilty beyond a reasonable doubt, and the trier of fact believes that evidence, we cannot reverse the judgment on insufficient grounds. *Soto v. State*, 864 S.W.2d 687, 691 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (citing *Moreno*, 755 S.W.2d at 867).

■■■■ To support a conviction for unlawful possession, the State must prove the accused (1) exercised care, control and management over the contraband; and (2) knew the matter possessed was contraband. *Washington v. State*, 902 S.W.2d 649, 652 (Tex.App.—Houston [14th Dist.] 1995, pet.

ref'd); *Campbell v. State,* 822 S.W.2d 776, 777 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Appellant argues the State did not meet this burden because it failed to establish an "affirmative link" between the contraband and the accused. The "affirmative links" doctrine is "a shorthand expression of what must be proven to establish that a person possessed a drug 'knowingly or intentionally.' " *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App.1995). The affirmative link must raise a reasonable inference that the accused knew of and controlled the contraband. *Washington,* 902 S.W.2d at 652. Some factors on which courts have relied to provide this affirmative link include (1) the place where the contraband was found was enclosed; (2) the contraband was conveniently accessible to the accused; (3) the accused was the owner of the place where the contraband was found; (4) the quantity of the drugs found; (5) the accused possessed a key to the locked location of the drugs; (6) the accused was in close proximity to a large quantity of contraband; and (7) drug paraphernalia was found on or in plain view of the accused. *Id.* However, these factors do not represent a formal test, and the concept of an affirmative link is simply one way to describe the sufficiency of circumstantial evidence to prove intent to possess drugs. *Brown,* 911 S.W.2d at 747.

 The State presented sufficient circumstantial evidence against appellant to sustain his conviction. The socket with burnt residue was sitting on the coffee table in plain view of appellant; appellant went and retrieved other drugs from the house when asked to do so by the deputies; Deputy Thomas testified appellant admitted the cocaine was his and his brother's when questioned; and appellant lived in the house. Moreover, when appellant retrieved the other drugs from the house nobody else was home and he retrieved a plate with powder and a straw that also tested positive for cocaine. Drug paraphernalia may be used as evidence that appellant knowingly possessed narcotics. *See Sims v. State,* 833 S.W.2d 281, 284 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Based on this evidence, a rational jury could have found that appellant knowingly possessed the cocaine. Therefore, we overrule appellant's second point of error.

 Appellant contends in his third point of error that the State presented factually insufficient evidence to support his conviction. In conducting a factual sufficiency review, the court of appeals views all the evidence without the prism of "in the light most favorable to the verdict" and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App.1996). In conducting a factual sufficiency review, an appellate court reviews the fact finder's determination. *Id.* at 135. This review, however, must be appropriately deferential so the appellate court does not substitute its judgment for that of the jury. *Id.*

 Appellant testified at trial that he told the officers the cocaine did not belong to him or his brother. He stated the deputies must have misunderstood him. He asserts that none of the cocaine seized was found on him so the drugs could not be his. Appellant further alleges that he could not have known of the drugs because he had worked a night shift before the arrest and had come home the next morning and gone to sleep. Appellant supports this contention with his brother's and another friend's testimony that a party was held at the house the night before and appellant did not attend because he was working. The remaining evidence is detailed above in the analysis for legal sufficiency. The jury is the exclusive judge of the credibility of witnesses and the weight to be given their testimony. *Colella v. State,* 915 S.W.2d 834, 845 (Tex.Crim.App.1995). The jury apparently reconciled the conflicting testimony in favor of the State. Although we are authorized, under *Clewis,* to disagree with the fact finder's determination, we will defer to the jury's apparent determination that appellant's testimony lacked credibility. Viewing the record as a whole, we find that the evidence is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule appellant's third point of error.

The judgment of the trial court is affirmed.