Affirmed and Memorandum Opinion filed July 13, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00090-CR



 

Eugenio Cerda, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1192345



 

MEMORANDUM  OPINION

 

            A jury convicted
appellant Eugenio Cerda of possession with the intent to deliver a controlled
substance.  The court sentenced him to thirty-five years’ imprisonment in the Institutional Division of
the Texas Department of Criminal Justice.  On appeal, appellant contends the
evidence is legally and factually insufficient to support his conviction.  We
affirm.

I.     Background

On March 19, 2007, appellant met with undercover officer
Alfonso Alvarez to discuss appellant’s desire to purchase cocaine.  Officer
Alvarez told appellant to call him when he was ready to make the purchase.  Less
than an hour later, appellant called Officer Alvarez indicating he wanted to
purchase five kilograms of cocaine.  Officer Alvarez and appellant arranged to
meet at a designated parking lot.  

Appellant arrived at the parking lot in a Dodge sedan
driven by a friend.  Appellant exited the passenger side of the Dodge and joined
Officer Alvarez in his vehicle.  Appellant showed Officer Alvarez a bag of
money with one-hundred and twenty-dollar bills rolled up in rubber bands.  Thereafter,
Officer Alvarez asked appellant to return to the Dodge and follow him to his
house to get the cocaine.  Appellant agreed, returned to the Dodge, and
re-entered the passenger side.  As appellant and his friend attempted to follow
Officer Alvarez, they were stopped by other police officers.  

Officer Will Kelly, a K-9 handler with the Pasadena
Police Department, arrived at the scene and conducted a perimeter sniff of the
car.  Based on the perimeter sniff, the dog alerted Officer Kelly to search the
inside of the Dodge.  Officer Kelly and Sergeant Greg Dalton, the supervisor of
the Narcotics Division of the Pasadena Police Department, recovered two bags
inside the car.  The first bag was found on the floorboard of the right front-passenger
seat and contained $75,000 in cash.  The second bag was located on the
floorboard of the right back-passenger seat and contained a Girl Scout cookie
box.  A subsequent search inside the cookie box revealed a brown paper bag
containing three separate plastic bags, each filled with a white powdery
substance that tested positive for cocaine.  

Appellant was charged with possession with the intent
to deliver a controlled substance.  At trial, Officers Kelly and Alvarez
testified that based on their training and experience, the factual
circumstances were consistent with the intent to purchase narcotics.  Sergeant
Dalton testified that when he removed appellant from the vehicle, appellant was
closer to the bag of money and the bag of cocaine than the other passenger.  

The jury convicted appellant of possession with the
intent to deliver a controlled substance, and the court sentenced him to
thirty-five years’
imprisonment.  On appeal, appellant contends the evidence is legally and
factually insufficient to support his conviction.  

II.     Discussion

A.   Standard of
Review

In a
legal sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Reed
v. State, 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  We may not substitute our judgment for the jury’s, and we will not
engage in a reexamination of the weight and credibility of the evidence.  Id.;
Brochu v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.]
1996, pet. ref’d).  

By
contrast, we review the evidence in a neutral light when conducting a factual
sufficiency review.  Reed, 158 S.W.3d at 46.  We must set aside the
verdict if (1) the proof of guilt is so obviously weak that the verdict must be
clearly wrong and manifestly unjust, or (2) the proof of guilt, although
legally sufficient, is greatly outweighed by contrary proof.  See
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).  However,
because the jury is in the best position to evaluate the credibility of the
witnesses, we must afford appropriate deference to its conclusions.  Pena v.
State, 251 S.W.3d 601, 609 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  

B.   Analysis

Control
over contraband need not be exclusive to the accused, but instead may be
exercised jointly by more than one person. Hargrove v. State, 211 S.W.3d 379, 385
(Tex.App.—San Antonio 2006, pet. ref'd).  However, when an accused does not exclusively control the
place where the contraband is found, as here, the State must produce additional
evidence, either direct or circumstantial, linking the accused to the contraband.[1]  Reed, 158 S.W.3d at 47.  Thus, the accused's mere presence
at the scene where drugs were found, standing alone, is insufficient to
demonstrate he exercised actual care, custody, or control of those drugs. Evans v. State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).  However,
the defendant's presence or proximity, along with other evidence linking him to
the drugs, may be sufficient to establish possession beyond a reasonable doubt.
Id.

In deciding whether the evidence
links appellant to the drugs found in the car, we may consider: (1) the defendant's presence when a
search was conducted; (2) whether the contraband was in plain view; (3) the
defendant's proximity to and the accessibility of the narcotic; (4) whether the
defendant was under the influence of narcotics when arrested; (5) whether the
defendant possessed other contraband or narcotics when arrested; (6) whether
the defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether an odor emitted from the contraband; (10) whether other contraband
or drug paraphernalia were present; (11) whether the defendant owned or had the
right to possess the place where the drugs were found; (12) whether the place
where the drugs were found was enclosed; (13) whether the defendant was found
with a large amount of cash; and (14) whether the conduct of the defendant
indicated a consciousness of guilt.  Olivarez v. State, 171 S.W.3d 283,
291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  There is no set formula of
facts that necessitate linking the accused to the crime.  Hyett v. State,
58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d). 
Additionally, the number of factors present is not as important as their significance
in linking the accused to the crime.  Reed, 158 S.W.3d at 47.  Finally, the links need not be so
overwhelming as to rule out every other possibility except the guilt of the
accused.  Id.

Application
of those factors here leads us to conclude the evidence adequately linked
appellant to the drugs found in the car.  See Olivarz, 171 S.W.3d at
291.  Appellant was at the scene when the search was conducted.  He was riding
in the car in which the bag containing 300 grams of cocaine was found. 
Appellant’s seat in the vehicle placed him within arm’s reach of the cocaine. 
In fact, at trial, Sergeant Dalton testified that prior to removing appellant
from the vehicle, appellant was the closest passenger to the bag of cocaine.  

The bag with $75,000 cash, which appellant had
previously shown Officer Kelly, was found on the floorboard of appellant’s
seat.  Appellant’s conduct immediately prior to his arrest—his meetings and
discussions with Officer Kelly—indicated a consciousness of guilt.  

Considering all of the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See
Reed, 158 S.W.3d at 46.  Similarly, considering all of the evidence in a
neutral light, we hold that the proof of guilt is not so obviously weak that
the verdict must be clearly wrong and manifestly unjust or that it is greatly
outweighed by contrary proof.  See Vodochodsky, 158 S.W.3d at 510. 
Accordingly, we overrule appellant’s first and second issues.

III.     Conclusion

Having overruled both of appellant’s
issues on appeal, we affirm the judgment of the trial court.

 








                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] This rule, sometimes
referred to as the “affirmative links” rule, is not a separate test for legal
sufficiency, but instead represents a “shorthand catch-phrase” encompassing a
variety of circumstances that may be unique to a drug-possession case. See
Evans, 202 S.W.3d at 161 n. 9.