# NO. 12-21-00039-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY LEE EVANS, SR.,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Johnny Lee Evans, Sr. appeals his conviction for possession of a controlled substance. In four issues, Appellant challenges the sufficiency of the evidence and argues the trial court erred by granting the State's challenges for cause as to eleven venirepersons, overruling his objections to the State's closing argument, and improperly assessing a county specialty court account fee as a court cost. We affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely methamphetamine, in an amount of less than one gram.[1] He pleaded "not guilty," and the matter proceeded to a jury trial. Officer Stephen Thomas of the Tyler Police Department testified that he was patrolling when he observed a vehicle stopped in the roadway, and he saw two people beside the vehicle: Appellant and a distraught female who was on crutches. The female testified that Appellant was helping her cross the street. There were no passengers in the vehicle Appellant was driving, and Thomas never saw anyone else in the vehicle. Thomas decided to perform a welfare check.[2] According to Thomas, Appellant retrieved his wallet from the center console to provide

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021).

[2] Thomas's body camera footage of the encounter was admitted into evidence.

identification.  Upon providing Appellant's identifying information to dispatch, Thomas learned that there was an active warrant for Appellant's arrest, so he took Appellant into custody. Appellant told Thomas that he had "a little bit of marijuana on him, in his pocket."

Upon moving the vehicle Appellant was driving and searching it, Thomas found two pills in the coin tray inside the center console, inches from the location of Appellant's wallet.  Thomas initially believed the pills were Ecstasy, but laboratory testing revealed that the pills contained methamphetamine.  Thomas explained that when he asked Appellant about the pills by describing their color and shape, Appellant said, "Oh, those pills."

The jury found Appellant "guilty" as charged, found the allegations in two enhancement paragraphs to be "true" pursuant to Appellant's pleas of "true," and assessed punishment at twenty years of confinement.  This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In issue one, Appellant argues that the evidence was insufficient to prove that he possessed the methamphetamine pills found in the car he was driving.  According to Appellant, the State did not demonstrate that he legally possessed the contraband; rather, the State's evidence merely showed that he was in the presence of contraband.

### Applicable Law

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979).  The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  We examine the evidence in the light most favorable to the verdict.  *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.  The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony.  *Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981).  We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the

evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. ***Brooks***, 323 S.W.3d at 899 n.13; ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" ***Clayton***, 235 S.W.3d at 778 (quoting ***Hooper***, 214 S.W.3d at 16-17).

**Analysis**

As discussed above, Appellant argues that the evidence was insufficient to prove that he possessed the methamphetamine pills. According to Appellant, the evidence does not contain sufficient affirmative links to demonstrate that he knowingly possessed the contraband. "To prove unlawful possession of a controlled substance, the State must first prove appellant exercised actual care, control[,] and management over the contraband and second, that appellant had knowledge the substance in his possession was contraband." ***Nixon v. State***, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.) (citing ***King v. State***, 895 S.W.2d 701, 702 (Tex. Crim. App. 1995)). Because control over contraband may be jointly exercised by more than one person, the State need not prove exclusive possession of the contraband. ***McGoldrick v. State***, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); ***State v. Derrow***, 981 S.W.2d 776, 799 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

A defendant's mere presence is insufficient to establish possession. ***Oaks v. State***, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982). When an accused is not in exclusive possession of the location where contraband is found, additional independent facts and circumstances may affirmatively link him to the contraband. ***Nixon***, 928 S.W.2d at 215. A nonexclusive list of factors relevant to knowing possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether the defendant owned or had a right to possess the place where contraband was found, (12) whether the place where the drugs

were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the defendant's conduct indicated consciousness of guilt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016) (quoting *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). An "affirmative link" is "a shorthand expression of what must be proven to establish that a person possessed a drug 'knowingly or intentionally.'" *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In other words, "the concept of an affirmative link is simply one way to describe the sufficiency of circumstantial evidence to prove intent to possess drugs." *Brochu v. State*, 927 S.W.2d 745, 751 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (citing *Brown*, 911 S.W.2d at 747). Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson*—whether, based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Tate*, 500 S.W.3d at 414; *see Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789. "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

The evidence includes several factors linking Appellant to the contraband. First, as discussed above, Thomas testified that he found two methamphetamine pills in the center console of the vehicle Appellant was driving, and Thomas never saw anyone else in the vehicle. Second, Appellant told Thomas he had marijuana in his pocket. Third, Thomas found Appellant's wallet in the vehicle's console, inches from the contraband. Fourth, according to Thomas, Appellant said "Oh, those pills" when Thomas asked him about the pills. *See Tate*, 500 S.W.3d at 414 (holding that affirmative links include, among other things, the contraband's proximity to the defendant, the defendant's possession of other contraband, incriminating statements by the defendant, and whether the drugs were found in an enclosed area). Based on the combined and cumulative force of this evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed methamphetamine. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789; *Tate*, 500 S.W.3d at 414; *Evans*, 202 S.W.3d at 162; *Brown*, 911 S.W.2d at 747; *McGoldrick*, 682 S.W.2d at 578; *Brochu*, 927 S.W.2d at 751; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021). Therefore, the evidence was legally sufficient. *See Brooks*, 323 S.W.3d at 895. Accordingly, we overrule issue one.

In issue two, Appellant argues that the trial court erred by granting the State's challenges for cause as to venirepersons 3, 7, 11, 19, 24, 30, 31, 34, 39, 40, and 46.

**Standard of Review and Applicable Law**

We review complaints regarding the trial court's granting of the State's challenges for cause for an abuse of discretion. ***Tracy v. State***, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020). Because the trial court is in the best position to evaluate a potential juror's demeanor and responses, we give considerable deference to its ruling on a challenge for cause. ***Hudson v. State***, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021).

A challenge for cause is made on the ground that some fact makes a potential juror incapable of serving or unfit to serve on the jury. TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (West 2006). "[T]he proponent of a challenge for cause has the burden of establishing that the challenge is proper." ***Gardner v. State***, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). To meet its burden, the proponent must show that the venireperson understood the requirements of the law and could not overcome his prejudice well enough to follow the law. ***Id***. The State may challenge a potential juror if "he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment." TEX. CODE CRIM. PROC. ANN. art. 35.16(b)(3); *see* ***Pierce v. State***, 696 S.W.2d 899, 901-03 (Tex. Crim. App. 1985) (concluding that the trial court erred by overruling a challenge for cause to a venireperson who said she could not consider the full range of punishment). "Both the State and the defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.*, from the maximum to the minimum and all points in between." ***Cardenas v. State***, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). "[U]nless there is further clarification or vacillation by the juror, the trial judge must grant a challenge for cause if the juror states that he cannot consider the full range of punishment." ***Id***. at 185.

**Analysis**

During voir dire, the prosecutor asked the panel the following question: "[K]nowing that the high end of the punishment range is 20 years in prison, is there anyone who says, . . . I just cannot consider 20 years on a drug case for possession of methamphetamines? If you feel that way, raise your card." The prosecutor then stated, "Jurors Number 7, 11, 3, 19, 24, 30, 31, 34, 39, 40, 46. . . . Did I miss anybody? All right. Thank y'all." The trial judge overruled defense

5

counsel's objections to the prosecutor's question and granted the State's challenges for cause as to the aforementioned venirepersons.

The record reflects that venirepersons 3, 7, 11, 19, 24, 30, 31, 34, 39, 40, and 46 indicated, in response to the prosecutor's question, that they could not consider a sentence of twenty years. Appellant contends that the record demonstrates vacillation or equivocation by these venirepersons; however, the record does not support Appellant's argument. Rather, the record reflects that after these venirepersons raised their hands in response to the prosecutor's above-quoted question as requested, they were not further questioned. We conclude that because venirepersons 3, 7, 11, 19, 24, 30, 31, 34, 39, 40, and 46 indicated that they could not consider the maximum sentence of twenty years, the trial court did not abuse its discretion by granting the State's challenges for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a), (b)(3); *Tracy*, 597 S.W.3d at 512; *Cardenas*, 325 S.W.3d at 184-85; *Gardner*, 306 S.W.3d at 295. Accordingly, we overrule issue two.


## OBJECTIONS TO STATE'S CLOSING ARGUMENT

In issue three, Appellant contends the trial judge erred by overruling his objections to two portions of the State's closing argument. Specifically, Appellant maintains that the State's closing argument improperly commented on his failure to testify and shifted the burden of proof to him.

## Standard of Review and Applicable Law

We review challenges to rulings on objections to allegedly improper closing argument for abuse of discretion. *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd). Permissible jury argument generally consists of (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) responses to opposing counsel's arguments, and (4) pleas for law enforcement. *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019); *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). When the State's argument falls within any of these categories, the trial court does not err by allowing such argument. *Davila v. State*, 952 S.W.2d 872, 879 (Tex. App.—Corpus Christi 1997, pet. ref'd). The prosecutor is not permitted to comment on an accused's failure to testify because such a comment violates the accused's privilege against self-incrimination and his freedom from being compelled to testify. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). "To violate the right against self-incrimination, the offending language must be viewed from the jury's standpoint and the

implication that the comment referred to the defendant's failure to testify must be clear." *Id*. "The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id*. We must analyze the language used in the context in which the comment was made. *Id*. "A mere indirect or implied allusion to the accused's failure to testify does not violate [his] rights." *Patrick v. State*, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995). In addition, the prosecutor may argue that a defendant failed to present evidence in his favor, and such a comment does not constitute an impermissible attempt to shift the burden of proof. *Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005). "[I]f the language can reasonably be construed to refer to [A]ppellant's failure to produce evidence other than his own testimony, the comment is not improper." *Patrick*, 906 S.W.2d at 491. A plea for law enforcement is proper argument and may take many forms, including arguments that draw on the impact of the jury's verdict on the community at large. *See Borjan v. State*, 787 S.W.2d 53, 55-56 (Tex. Crim. App. 1990) (holding that the State may argue the impact of the jury's verdict on the community); *Nelson v. State*, 881 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

## Analysis

Appellant complains of the following portion of the State's rebuttal:

> [Prosecutor]: I specifically told y'all that the defendant doesn't have to do anything. All he's got to do is show up. The burden is not on the defendant. . . . But I also told you that he does have the right to call witnesses. He does have the right to bring forth evidence. . . .
>
>   Every one of you said that you could follow the Fifth Amendment. It's in the charge and you're going to follow it. I'm not concerned about that. What I'm concerned about is if there was somebody else in the car, where's the car owner? If those pills belong to somebody else—
>
> [Defense counsel]: Judge, I'm going to object to that argument.
>
> THE COURT: That objection is overruled[.]
>
> [Prosecutor]: If there was someone else in the car, and those pills belonged to that other person, where are they?
>
> [Defense counsel]: Judge, can we approach?
>
>  . . .
>
> [Defense counsel]: Judge, I understand you overruled my objection, but I need to put on the record that the reason for my objection is because what the State is doing is, . . . by making that argument they're transferring the burden to the defendant. . . . And . . . what they're basically saying is . . . that he should have testified. And it's a violation of the charge, because the charge specifically says

that he does . . . not have to produce evidence. And now he's telling the jury that he does have to produce evidence. And so that's the basis of my objection.

THE COURT: Okay. It's overruled.

. . .

[Prosecutor]: Back to where we are: The car owner. The defendant could have brought in the car owner. The defendant could have brought in whoever the magical person was that might have been with Johnny Evans, but they didn't.
　　　Now, again, they don't have to bring forth any evidence, but if there was somebody else in that vehicle or the owner of the vehicle – which we've all conceded that Johnny Evans was not the owner of the vehicle – where are they? They're not here. That's something you get to take into consideration.

. . .

If that's part of his defense is that there might have been someone else, then you get to consider joint possession. And under the law of joint possession, guess what? He's still guilty.

. . .

　　　If you follow the defendant's argument, you will be the jury who has now created a defense that will essentially gut every drug case in this county.

[Defense counsel]: Judge, I'm going to object to that argument. It's improper.

THE COURT: The objection is overruled[.] It's argument.

[Prosecutor]: If you acquit him because he claims he didn't know it was meth, then you're going to open the door for every single drug defendant to say, I didn't know it was meth.

[Defense counsel]: I'm going to object. It's improper argument.

THE COURT: Same ruling. The objection is overruled.

The State contends that Appellant failed to preserve error as to most of his objections. Assuming without deciding that Appellant properly preserved error, viewing all of the complained-of argument in context, we conclude that the prosecutor was referring to Appellant's failure to produce evidence of another occupant of the vehicle he was driving rather than to Appellant's decision not to testify. *See **Bustamante***, 48 S.W.3d at 764. The prosecutor specifically reminded the jury of both its commitment to follow the Fifth Amendment and of the State bearing the burden of proof. In addition, we conclude that the prosecutor's argument regarding the potential impact of Appellant's case on other similar cases constituted a plea for law enforcement, which is a permissible argument. *See **Milton***, 572 S.W.3d at 239; ***Borjan***, 787 S.W.2d at 55-56; ***Nelson***, 881 S.W.2d at 102. Furthermore, during his closing argument, defense counsel argued that the jury could not infer that Appellant was the sole occupant of the vehicle "just because he admitted to

8

driving the car" when no one asked Appellant whether other people were in the car with him. Therefore, the prosecutor's argument during rebuttal was permissible because it was in response to defense counsel's argument. *See Milton*, 572 S.W.3d at 239; *Brown,* 270 S.W.3d at 570; *Davila*, 952 S.W.2d at 879. For all these reasons, the prosecutor's argument during rebuttal was not improper, and it did not constitute a comment on Appellant's failure to testify or impermissibly shift the burden of proof to him. *See Bible*, 162 S.W.3d at 249; *Patrick*, 906 S.W.2d at 491. Accordingly, we overrule issue three.

## COUNTY SPECIALTY COURT ACCOUNT FEE

In issue four, Appellant challenges the assessment of a county specialty court account fee in the bill of costs. Specifically, Appellant asserts that no statutory authority supports imposition of the fee.

### Applicable Law

Section 134.101(a) of the Texas Local Government Code requires a person convicted of a felony committed on or after January 1, 2020, to pay a "Local Consolidated Fee on Conviction of Felony" of $105 as a court cost. TEX. LOC. GOV'T CODE ANN. § 134.101(a) (West 2021); *see Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication). The statute provides that the fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. TEX. LOC. GOV'T CODE ANN. § 134.101(b) (West 2021).

### Analysis

The trial court assessed a county specialty court account fee of $25 in the bill of costs. The commission date of the offense for which Appellant was convicted is May 14, 2020. Therefore, assessment of a fee for the county court specialty account as part of the Local Consolidated Fee on Conviction of Felony is expressly authorized by Section 134.101 of the Texas Local Government Code. *Id*. § 134.101; *see Hayes*, 2021 WL 1418400, at *2. Accordingly, we overrule issue four.

## DISPOSITION

Having overruled each of Appellant's four issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 6, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 6, 2022**

**NO. 12-21-00039-CR**

**JOHNNY LEE EVANS, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1084-20)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*