**Anthony Leroy PIERCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 68822.

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

Rehearing Denied Oct. 16, 1985.

**900**

Anthony Griffin and Allen C. Isbell (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Bob Burdette and Kay Burkhalter, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

McCORMICK, Judge.

## OPINION

Appellant was convicted of capital murder. Punishment was assessed at death. Appellant raises fifteen grounds of error. Because we have found reversible error in the voir dire examination, we forego discussion of appellant's remaining grounds of error.

In his second and third grounds of error, appellant argues that the trial court erred in denying his challenges for cause to prospective jurors Geoffrey Ralph Gorka and Mary M. Londrigan. The record shows that appellant challenged both Gorka and Londrigan for cause. The trial court denied appellant's challenges and appellant was forced to use peremptory strikes on both prospective jurors. Appellant thereafter exhausted all of his peremptory challenges, using the last one to strike prospective juror Willie Jean Ward. At the conclusion of the voir dire of the next venireperson, Susan Hussey, the State moved to accept the juror. Appellant then asked the

trial court if he could be granted two additional peremptory strikes. The trial court denied this request. Appellant then attempted to challenge Hussey for cause. The court denied this challenge and Hussey was seated on the jury. Prospective juror Don Harvey was questioned next. At the conclusion of his examination the State moved to accept Harvey. Once again appellant requested additional peremptory strikes. This time the court granted appellant two additional strikes. However, when appellant asked for the court's permission to use one of the strikes retroactively on Hussey, the court replied that the strikes could only be used prospectively. Appellant thereafter used one of the strikes on juror Harvey. He then renewed his request to use his remaining peremptory challenge retroactively to strike Susan Hussey because at the time she was placed on the jury he did not have a peremptory challenge available. Once again, the trial court denied this request. Five more prospective jurors were examined and appellant used his last peremptory challenge on one of the five. At the conclusion of the voir dire examination of the last of the five, Mildred Upchurch Dickerson, appellant asked for an additional peremptory challenge. The court denied this request and Dickerson was placed on the jury. The record shows that had appellant been given an additional strike he would have used it on Dickerson.

Appellant argues that he has preserved this error for review in that (1) he was forced to exercise two peremptory challenges to excuse prospective jurors Gorka and Londrigan after the court erroneously overruled his challenges for cause, (2) he then exhausted his peremptory challenges, and (3) he was forced to accept two objectionable jurors, Hussey and Dickerson. He relies on our opinion in *O'Bryan v. State*, 591 S.W.2d 464 (Tex.Cr.App.1979).

In most situations, the giving of additional peremptory strikes as was done in the instant case remedies any error caused by an erroneous denial of a defendant's challenge for cause. In *Payton v.*

*Texas,* 572 S.W.2d 677 (Tex.Cr.App.1978) (Opinion on Rehearing), this Court wrote that the error may be corrected:

"... by giving the defendant an extra peremptory challenge to compensate for the one used against the venireman who was subject to the challenge for cause, ..." 572 S.W.2d at 680.

In most cases this corrective measure restores a defendant to the position he would have been in had his challenge for cause been sustained. This procedure has been expressly approved in a number of cases. *Williams v. State,* 682 S.W.2d 538, 543 (Tex.Cr.App.1984); *Blackwell v. State,* 29 Tex.Crim. 194, 15 S.W. 597, 599 (1890); *Welcome v. State,* 635 S.W.2d 828 (Tex. App.—Beaumont 1982, petition refused). The instant case, however, presents an unusual situation in that the granting of the additional peremptory strikes had no curative effect as to juror Hussey. Thus we find that the appellant has preserved the issue of the denial of his challenges for cause for review.

Moving to the merits of appellant's argument, we find that both jurors initially stated in response to defense counsel's questioning that they could not consider probation as a possible punishment in the event a verdict of guilty for the lesser included offense of murder was returned. However, juror Gorka later amended his answer and said that he would be able to consider probation in a situation involving a husband and a wife. The pertinent part of the prospective jurors' voir dire examination is set out below:

GEOFFREY RALPH GORKA

"Q. ... Now, in the event that that verdict was returned, guilty to the charge of murder—simply plain old murder—in that context, the range of punishment would be at the top end life imprisonment and at the bottom end five years in the penitentiary. In the event that you found a defendant guilty of murder, he also has the option to ask the jury to assess probation, that is probating his sentence in

the penitentiary, allowing him to remain free subject to supervision.

My question is: In the circumstance I have described, that is, where a guilty verdict to the crime of murder has been returned, or let's just say murder, could you consider and in the proper case grant probation in a murder case?

"A. No.

.    .    .    .    .

"Q. And I take it your answer to my question and the earlier remark you made, you think that killing somebody intentionally, murdering him is so serious that you couldn't consider granting probation in any case at all; is that right?

"A. Other than again, there is a difference in a husband-and-wife relationship, too."

At the conclusion of his voir dire examination of Gorka, defense counsel challenged Gorka on the ground that his opposition to probation would prevent him from considering the full range of punishment for murder. The court denied the challenge and the defense exercised a peremptory challenge on Gorka.

MARY M. LONDRIGAN

"Q. ... We have been talking about a life or death situation, but if you came back and found a defendant guilty of murder, you would have the range of punishment from five years in the Texas Department of Corrections to ninety-nine years in the Department of Corrections or life. And under certain circumstances, you could assess a probated prison sentence, that is, where the defendant would not go to prison but would instead be allowed to be released in the community under certain kinds of supervision. Are you familiar with the concept of probation? Now, given what you have said before, if you found that somebody had intentionally killed somebody but hadn't done it in the course of committing a

robbery, could you consider and in the proper case give a probated sentence?

.    .    .    .    .

"A.  No.  I couldn't consider probation.

"Q.  And is that a strongly held belief you've held about homicide cases?

"A.  Yes.

"Q.  Why is that?

"A.  Well, doesn't probation mean that you are free?

"Q.  Subject to—

"A.  Subject to what?

"Q.  You have to report to a probation officer and maintain a job and stay away from alcohol and drugs and undesirable companions and keep out of trouble in general.  It does mean you are not in the penitentiary.

"A.  I don't feel like that would be a logical conclusion.  I don't feel like a probated sentence would be right.

.    .    .    .    .

"Q.  Could you explain a little bit further, ma'am?

"A.  If a person had committed murder, if they were proven to have committed murder, I feel like they should not have a probated sentence, providing the evidence there proved that they had actually committed a deliberate murder.

"Q.  An intentional murder, as I have defined murder intentionally intending to kill somebody or inflicting bodily harm, that does, in fact, kill.

"A.  Uh-huh.

"Q.  In that circumstance, you would always give penitentiary time; is that correct?

"A.  Yes."

At this time defense counsel made a challenge for cause because Londrigan could not consider the full range of punishment in the event of a finding of guilty to the offense of murder.  The trial court denied the challenge for cause and the defense exercised a peremptory challenge on Londrigan.

Article 35.16(c)(2), V.A.C.C.P., provides that the defense may challenge a prospective juror for cause on the grounds:

"That he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or *of the punishment therefor.*" (emphasis added)

■  Appellant argues that probation is a "phase of the law" upon which the defense is entitled to rely.  We agree.  This Court alluded to that proposition in *Von Byrd v. State,* 569 S.W.2d 883, 891 (Tex.Cr.App. 1978), another capital murder case.  In *Von Byrd,* the appellant challenged prospective juror Harold Brantley for cause after Brantley responded that he did not think he could consider probation as proper punishment for the lesser included offense of murder.  The trial judge, in an attempt to rehabilitate Brantley, elicited from Brantley that he could, in a proper case, consider probation and that he was not opposed to the "probation law."  Appellant peremptorily challenged Brantley.  This Court held that, although a defendant has the right to challenge for cause any juror who could not give the minimum punishment, the record in *Von Byrd* did not support the contention that Brantley could not give the minimum punishment, that is, probation.  Thus there was no error.  See also *Moore v. State,* 542 S.W.2d 664, 671 (Tex. Cr.App.1976).

■  We have a different situation in the case at bar.  Although Gorka said that he could consider probation for murder in a case involving a husband and a wife, Londrigan clearly stated that she could not consider probation as a punishment for the lesser included offense of murder.  There was no attempt on the part of either the State or the trial court to rehabilitate Londrigan.  The record in the instant case amply supports appellant's contention.  The trial court improperly denied appellant's challenge for cause to Londrigan.  Compare: *Silguero v. State,* 654 S.W.2d 492,

496 (Tex.App.—Corpus Christi 1983, petition for discretionary review refused) (a capital murder case in which the court of appeals upheld the State's challenges for cause of five prospective jurors who testified that, regardless of the facts, they could not consider either five years or probation for the lesser included offense of murder.)

The State argues that since the jurors were not specifically asked as to whether they could consider probation if the punishment was ten years or less and the defendant had never before been convicted of a felony, Article 42.12, Section 3a, V.A.C.C.P., the requirement for excusal under Article 35.16(c)(2), supra, was never met because it was never established that the jurors had a bias against *any of the law* upon which the defense was entitled to rely. Our reading of the cases cited above indicate that such specific questioning is not required. *Von Byrd v. State*, supra; *Moore v. State*, supra; *Silguero v. State*, supra. Furthermore, the broad questioning regarding probation by defense counsel implicitly encompassed the statutory sentence limitation set out in Article 42.12, Section 3a, supra. Finally, had the State been concerned about this deficiency in questioning, they had ample opportunity to address this specific question to both Gorka and Londrigan. As it was, the State made no attempt to question either juror about probation.

Because we find that prospective juror Londrigan was unable to consider the minimum punishment for the lesser included offense of murder, we are compelled to reverse appellant's conviction.

The judgment is reversed and remanded.

CLINTON, J., not participating.