Eusebio Loredo v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-078-CR

     EUSEBIO LOREDO,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-850-C
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I concur in the judgment but write separately because the majority, without adequate analysis,
purports to hold that community supervision is within the range of punishment to be considered
by a juror. This holding has already been made by the Court of Criminal Appeals. See
Satterwhite v. State, 858 S.W.2d 412, 418 (Tex. Crim. App. 1993); Williams v. State, 773
S.W.2d 525, 536 (Tex. Crim. App. 1988); and Pierce v. State, 696 S.W.2d 899, 902 (Tex. Crim.
App. 1985) (overruled on other grounds, 757 S.W.2d 744 (Tex. Crim. App. 1988)). There is no
need for the majority to make a holding when there is precedent by which we are bound.
      There is also no need to cite case authority to support the majority’s “holding” that does not
actually support the proposition stated. See, e.g. Johnson v. State, 982 S.W.2d 403 (Tex. Crim.
App. 1998)(not a probation case) and McLennan v. State, 661 S.W.2d 108 (Tex. Crim. App.
1983)(statement was dicta and not necessary to resolve recusal issue).
      Although we are bound by the prior decisions of the Court of Criminal Appeals, I believe
there is a substantial question regarding whether community supervision is actually punishment
and must, therefore, be within the range of punishment that a juror must be able to consider. In
light of more recent cases such as Speth and Ex parte Williams, in which the Court of Criminal
Appeals has clearly stated that community supervision is not part of a sentence, the question of
whether community supervision is punishment ought to be reexamined. See Speth v. State, 6
S.W.3d 530, 532 (Tex. Crim. App. 2000); Ex parte Williams, 65 S.W.3d 656, 657 (Tex. Crim.
App. 2001).
      I concur in the judgment.
 
                                                                   TOM GRAY
                                                                   Justice

Concurring opinion delivered and filed January 8, 2003
Publish