ACCEPTED
01-15-00239-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/23/2015 12:46:39 AM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00239-CR**
**No. 01-15-00240-CR**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/23/2015 12:46:39 AM

CHRISTOPHER A. PRINE
Clerk

**IN THE**
**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS**
**AT HOUSTON**

**OSCAR RENE RIVERA**

**VS.**

**THE STATE OF TEXAS**

**Appealed from the 185th District Court**
**of Harris County, Texas**
**Cause Numbers 1423701 & 1423702**

**APPELLANT'S BRIEF**

**RANDALL J. AYERS**
**Attorney for Appellant**
**State Bar No. 01465950**
**P.O. Box 1569**
**Houston, Texas 77251-1569**
**rjayerslaw@comcast.net (email)**
**(281) 493-6333 (telephone)**
**(281) 493-9609 (fax)**

**ORAL ARGUMENT WAIVED**

1

# IDENTIFICATION OF THE PARTIES

Pursuant to **Tex. R. App. P. 38.1(a)**, a complete list of the names of all interested parties is provided below:

1.  OSCAR RENE RIVERA – Appellant
    TDCJ Inmate #02018188
    Garza West Unit
    4250 Highway 202
    Beeville, Texas 78102-8997

2.  PATRICK RUZZO – Trial Counsel for Appellant
    1900 North Loop West, Suite 500
    Houston, Texas 77018-8120

3.  RANDALL J. AYERS – Appellate Counsel for Appellant
    P.O. Box 1569
    Houston, Texas 77251-1569

4.  CHRISTOPHER HANDLEY – Trial Counsel for State
    Harris County District Attorney's Office
    1201 Franklin, Suite 600
    Houston, Texas 77002-1997

5.  ALAN CURRY – Chief Appellate Counsel for State
    Harris County District Attorney's Office
    1201 Franklin, Suite 600
    Houston, Texas 77002-1997

6.  HONORABLE SUSAN BAETZ BROWN – Trial Judge
    185th District Court
    1201 Franklin, 17th Floor
    Houston, Texas 77002-1913

# TABLE OF CONTENTS

Page

IDENTIFICATION OF THE PARTIES …………………….…… 2

INDEX OF AUTHORITIES …………………………………..… 4

STATEMENT REGARDING ORAL ARGUMENT ……………… 5

STATEMENT OF THE CASE …………………………………..… 5

ISSUES PRESENTED FOR REVIEW …………………………. 6

SUMMARY STATEMENT OF FACTS …………………………. 6

SUMMARY OF THE ARGUMENT ………………………….… 7

POINT OF ERROR ONE …………………………………………….. 8
**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CHALLENGES FOR CAUSE AGAINST FOUR SPECIFIED MEMBERS OF THE JURY VENIRE WHO INDICATED THAT THEY WOULD CONSIDER A DEFENDANT'S FAILURE TO TESTIFY AS EVIDENCE AGAINST HIM AT TRIAL AND AGAINST THREE SPECIFIED MEMBERS OF THE JURY VENIRE WHO INDICATED THAT THEY COULD NOT CONSIDER ASSESSING PROBATION IN AN APPROPRIATE CASE.**

POINT OF ERROR TWO …………………………………………….. 11
**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A CELL PHONE PURSUANT TO A SEARCH WARRANT WHERE THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT FAILED TO ESTABLISH PROBABLE CAUSE.**

CONCLUSION AND PRAYER …..…………………………… 15

CERTIFICATE OF SERVICE …………………………...…… 16

CERTIFICATE OF COMPLIANCE ………………………………. 16

## INDEX OF AUTHORITIES

*Cases*                                                                              *Page*

*Cardenas v. State*, 325 S.W.3d 179 (Tex. Crim. App. 2010) …………….  9

*Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995) ………………. 10

*Cordova v. State*, 733 S.W.2d 175 (Tex. Crim. App. 1987) …..…………..  9

*Estrada v. State*, 154 S.W.3d 604 (Tex. Crim. App. 2005) ………………. 12

*Evans v. State*, 530 S.W.2d 932 (Tex. Crim. App. 1975) ……………….  13

*Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992) ………………... 10

*Jaben v. United States*, 381 U.S. 214 (1965) ……………………………  13

*Johnson v. State*, 803 S.W.2d 272 (Tex. Crim. App. 1990) …………….  13

*Matamoros v. State*, 901 S.W.2d 470 (Tex. Crim. App. 1995) ………….  13

*Montoya v. State*, 810 S.W.2d 160 (Tex. Crim. App. 1989) …………….  9

*Pierce v. State*, 696 S.W.2d 899 (Tex. Crim. App. 1985) ………………..  9

*Reese v. State*, 712 S.W.2d 131 (Tex. Crim. App. 1986) ………………... 12

*State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011) ………………. 12

*Constitutional Provisions, Statutes and Rules*

**Tex. Code Crim. Proc. Art. 1.06** ……………….……………………… 12

**Tex. Code Crim. Proc. 18.01(b)** ………………………………………… 12

**Tex. Code Crim. Proc. Art. 35.16(c)(2)** ……..…………………………  9

**Tex. Const. Art. I §9** ……………………………………………..……… 12

**Tex. R. App. Proc. 38.1(a)** …...………………………………………  2

**Tex. R. App. Proc. 39.7** ………………………………………………  5

**U.S. Const., Amend. IV** …………………………………………………… 12

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to **Tex. R. App. P. 39.7**, Appellant waives oral argument.

## STATEMENT OF THE CASE

Appellant was charged in separate indictments with the offenses of indecency with a child and sexual assault of a child. (CR-A 14; CR-B 17)[1]. Appellant pled not guilty and proceeded to trial. (CR-A 121-122, 135; CR-B 127-128, 136; RR-V3 6-7). The trial jury found Appellant guilty in both indictments, and subsequently assessed Appellant's punishment at ten years probation in the indecency with a child case and eight years in prison in the sexual assault of a child case. (CR-A 100, 119, 121-122, 136-137; CR-B 110, 124, 127-128, 137-138; RR-V4 92-95; RR-V5 6-7). The trial court granted the State's motion to cumulate the two sentences. (CR-A 108, 122, 137; CR-B 138; RR-V5 9-10). Appellant filed timely written notice of appeal. (CR-A 129-130, 137; CR-B 130-131, 138; RR-V5 8).

---

[1] CR-A = Clerk's Record, Volume I of I in Cause No. 1423701; CR-B = Clerk's Record, Volume I of I in Cause No. 1423702; RR = Reporter's Record, Volumes 1 through 6.

## ISSUES PRESENTED FOR REVIEW

Did the trial court commit error when it denied Appellant's challenges for cause against members of the jury venire who were biased against applicable law that Appellant was entitled to rely upon at trial, specifically Appellant's right not to testify at trial, and his right to have the jury consider the full range of punishment, including probation?

Did the trial court commit error when it denied Appellant's motion to suppress evidence recovered in a search of a cell phone?

## SUMMARY STATEMENT OF FACTS

Appellant was a childhood friend of the father of the complainant, and temporarily lived with the complainant's family over a period of several months. (RR-V3 10-15, 32-34; RR-V4 7-14). The complainant testified that beginning when she was 15 years old, she engaged in a series of voluntary and consensual sexual activities with Appellant. (RR-V3 15, 37, 72-73; RR-V4 7-12, 17-24, 26-30, 65). Appellant was 38 years old at the time. (RR-V3 72-73; RR-V4 63-64). The complainant testified to several incidents of sexual activity with Appellant that took place over a period of several months, and included acts of both oral sex and sexual intercourse. (RR-V4

17-24, 26-35, 44-52). The complainant's father eventually discovered what was going on between Appellant and the complainant, whereupon he kicked Appellant out of his residence and called the police, who began an investigation that eventually resulted in the filing of charges against Appellant. (RR-V3 16-19, 26, 38, 96-97, 104; RR-V4 35-40). The complainant testified that her relationship with Appellant continued even after her parents had kicked Appellant out and notified the police. (RR-V4 40-61). The complainant testified that she continued to meet Appellant at motels where they would engage in oral sex and sexual intercourse, and that this continued until her parents caught her talking to Appellant on a cell phone that he had given to her. (RR-V3 50-53; RR-V4 40-55, 58-61).

## SUMMARY OF THE ARGUMENT

The trial court erred when it denied Appellant's challenges for cause against seven specific members of the jury venire where the record established by a preponderance of the evidence that each of the seven potential jurors was biased or prejudice against applicable law upon which Appellant was entitled to rely at trial, and further when it denied Appellant's motion to suppress evidence obtained from a search of a cell phone conducted pursuant to a search warrant that failed to establish probable cause to support the search.

## POINT OF ERROR ONE

**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S CHALLENGES FOR CAUSE AGAINST FOUR SPECIFIED MEMBERS OF THE JURY VENIRE WHO INDICATED THAT THEY WOULD CONSIDER A DEFENDANT'S FAILURE TO TESTIFY AS EVIDENCE AGAINST HIM AT TRIAL AND AGAINST THREE SPECIFIED MEMBERS OF THE JURY VENIRE WHO INDICATED THAT THEY COULD NOT CONSIDER ASSESSING PROBATION IN AN APPROPRIATE CASE.**

### RELEVANT FACTS, AUTHORITIES & ARGUMENT

In Appellant's case, at the conclusion of voir dire, the attorneys and the trial judge engaged in a bench conference regarding challenges for cause (RR-V2 116-149). After allowing for duplicate challenges excused by agreement, the trial court took up the remaining non-agreed challenges for cause. (RR-V2 116-147). The trial court summarily granted all five of the challenges for cause made by the State. (RR-V2 117). Allowing for the duplicate challenges excused by agreement, Appellant's trial counsel had lodged challenges for cause against 14 venire members, but the trial court denied seven of those challenges (*specifically, jurors #4, #28, #38, #40, #42, #54, and #57*). (RR-V2 118-147). Appellant's trial counsel then requested seven additional peremptory challenges, which the trial court denied. (RR-V2 147-148). Appellant's trial attorney subsequently used all ten of his allotted peremptory strikes, including strikes on the seven specific jurors for which the trial court had denied his challenges for cause. (CR-A 81-83; CR-

8

B 89-91). When the jury was seated for trial, Appellant's attorney objected to the jury as seated, and identified nine objectionable jurors on the panel on whom he would have used peremptory strikes had he not had to use them on the jurors for which his challenges for cause were denied by the trial court (*specifically, jurors #10, #21, #23, #24, #25, #26, #32, #33, and #39*). (RR-V2 148-149). The trial court overruled Appellant's objection. (RR-V2 149).

A jury venire member is subject to removal via a challenge for cause when he has a bias or prejudice against any of the law applicable to the case upon which the defendant is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as mitigation thereof or of the punishment therefore. *Cordova v. State*, 733 S.W.2d 175 (Tex. Crim. App. 1987); *citing* **Tex. Code Crim. Proc. Art. 35.16(c)(2)**. A venire member is subject to removal for cause if he would consider the defendant's failure to testify at trial as evidence against the defendant in determining guilt. *Montoya v. State*, 810 S.W.2d 160 (Tex. Crim. App. 1989). A venire member is also subject to removal for cause if he is unable to consider the full range of punishment, including the minimum, and more specifically probation for an eligible defendant. *Cardenas v. State*, 325 S.W.3d 179 (Tex. Crim. App. 2010); *Pierce v. State*, 696 S.W.2d 899 (Tex. Crim. App. 1985). The burden of demonstrating that a

venire member should be excused for cause is on the party urging the excusal. ***Castillo v. State***, 913 S.W.2d 529 (Tex. Crim. App. 1995). The burden is only by a preponderance of the evidence. ***Fuller v. State***, 829 S.W.2d 191 (Tex. Crim. App. 1992).

During his voir dire examination of the jury venire, Appellant's trial attorney asked the venire members if any of them would consider a defendant's failure to testify at trial as evidence of his guilt. (RR-V2 90-99). Several venire members indicated that they would do so, including juror #4 (RR-V2 90-92), juror #38 (RR-V2 94-95), juror #40 (RR-V2 95-96), and juror #42 (RR-V2 96-97). These four venire members statements on the record clearly established by a preponderance of the evidence that they were biased against applicable law upon which Appellant was entitled to rely, specifically his constitutional right not to testify at trial. Appellant's trial attorney properly challenged these four venire members for cause on that basis, and it was error for the trial court to deny those challenges. (RR-V2 118-120, 126-134).

Appellant's trial attorney also asked the venire members during voir dire if they could consider the full range of available punishment, including probation in the appropriate case. (RR-V2 108-112). Several venire members indicated that they could not consider assessing probation,

including juror #28 (RR-V2 110), juror #54 (RR-V2 112), and juror #57 (RR-V2 112). Again, the record clearly shows by a preponderance of the evidence that these three jurors were biased against applicable law upon which Appellant was entitled to rely, specifically his right to have consideration of the full range of punishment, including probation. Appellant's trial attorney properly challenged these three venire members for cause on that basis, and it was error for the trial court to deny those challenges. (RR-V2 122-126, 138-146).

## POINT OF ERROR TWO

**THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM A CELL PHONE PURSUANT TO A SEARCH WARRANT WHERE THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT FAILED TO ESTABLISH PROBABLE CAUSE.**

### RELEVANT FACTS, AUTHORITIES & ARGUMENT

At Appellant's trial, the State offered into evidence numerous photographs and text messages that were taken from a cell phone that belonged to Appellant and which was allegedly left at the complainant's residence and turned over to the police by her mother. (RR-V3 39-41, 50, 78-80, 85-99; State's Exhibits 5 through 15, 17, 18, & 21). These photos and text messages were obtained pursuant to a search warrant obtained by the investigating officer. (RR-V3 60-66, 78-87, State's Exhibits 19 & 20).

11

Appellant's attorney filed a motion to suppress this evidence alleging that the affidavit supporting the search warrant did not contain sufficient credible facts to establish probable cause, and that the search warrant was therefore deficient. (CR-B 95-99; RR-V3 54-56). Appellant's attorney urged his motion to suppress and objected to the admission of the evidence obtained pursuant to the search warrant several times during Appellant's trial, but the trial court denied his motion and overruled his subsequent objections. (CR-B 99, 135; RR-V3 54-56, 81-82, 87-89).

A search or seizure must be supported by probable cause. **U.S. Const., Amend. IV; Tex. Const. Art. I §9; Tex. Code Crim. Proc. Art. 1.06;** *Estrada v. State*, 154 S.W.3d 604 (Tex. Crim. App. 2005). A search warrant may not be issued without sufficient credible evidence establishing probable cause for the search being presented under oath or affirmation to a magistrate. **Tex. Code Crim. Proc. Art. 18.01(b)**; *Reese v. State*, 712 S.W.2d 131 (Tex. Crim. App. 1986). In determining if there is probable cause to support the issuance of a search warrant, the inquiry is limited to the four corners of the affidavit supporting the search warrant. *State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011). The credibility and reliability of not just the affiant but also his sources of information are part of the totality of the circumstances that must be considered in determining if probable

cause has been established. ***Jaben v. United States***, 381 U.S. 214 (1965); ***Johnson v. State***, 803 S.W.2d 272 (Tex. Crim. App. 1990). An affidavit does not establish probable cause for the search when it contains no recitation as to how the affiant learned or came by the information he relates in support of probable cause. ***Matamoros v. State***, 901 S.W.2d 470 (Tex. Crim. App. 1995); ***Evans v. State***, 530 S.W.2d 932 (Tex. Crim. App. 1975).

In Appellant's case, an examination confined to the four corners of the affidavit in support of the search warrant shows that it does not establish sufficient probable cause to search the cell phone. It does not establish the credibility and reliability of the sole source of the affiant's information about the cell phone, specifically the complainant's mother, Isela Hearn. The affidavit merely states that Ms. Hearn represented that the cell phone was a gift from Appellant to the complainant, but contains no recitation of how Ms. Hearn learned that information or knows it to be factually true. The affidavit states that "Affiant was told that there were messages sent via the Cellular phone from the DEFENDANT [Appellant] to the COMPLAINANT which were recently intercepted by Ms. Hearn", but again contains no recitation of how the affiant came by that information – *who* told the affiant, and *how* does that person know it to be true? This particular assertion by the affiant is especially critical and goes to the very heart of the matter, because

absent credible and reliable information establishing the presence of such evidence in the cell phone – something to connect Appellant to the phone and to the complainant – there would be no probable cause to search it. And this affidavit presents nothing more on this critical issue than a fairly conclusory statement. Further, a close reading of the affidavit calls into question the thoroughness of any impartial review of the sufficiency of the probable cause since the bulk of the affidavit actually consists of the same paragraph (beginning with the words "Affiant was given the above mentioned Samsung Cellular phone …" and ending with the words "a statement against her own interest") repeated three times in close succession. (See State's Exhibit #19).

Given that the affidavit in support of the search warrant does not establish sufficient probable cause to support the issuance of the search warrant, it was error for the trial court to deny Appellant's motion to suppress.

## CONCLUSION AND PRAYER

For the reasons set out in the foregoing points of error, Appellant prays that this Honorable Court of Appeals will reverse Appellant's conviction and sentence and remand this case back to the trial court for a new trial or such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas 77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Appellant's Brief on the District Attorney of Harris County, Texas, by sending a copy to Mr. Alan Curry, Chief of the Appellate Division, Harris County District Attorney's Office, via electronic service to **curry_alan@dao.hctx.net** on September 23, 2015.

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas 77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)


## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9(i)(3) of the Texas Rules of Appellate Procedure I certify that this document contains a total of **2,873** words.

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas 77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)