

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00261-CR

---

YVONNE GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2016-408,821, Honorable Jim Bob Darnell, Presiding

---

December 19, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In May of 2018, appellant, Yvonne Gonzales, pleaded guilty to the murder of four-year-old Alyrah Sanchez.[1]  A jury assessed punishment at ninety-nine years' confinement in the Texas Department of Criminal Justice.  In this appeal, appellant contends that the trial court impermissibly restricted her voir dire regarding the age of the victim.  We affirm the trial court's judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(b)(2) (West 2019).

Background

Following appellant's open plea of guilty, the trial proceeded on punishment only. The State urged an oral motion in limine regarding references to the age of the victim. The trial court granted the motion over appellant's objection, explaining, "You're not ever allowed to go into the facts of the case other than what's set forth in the indictment in jury selection."

Before appellant began voir dire, the trial court held a hearing outside the presence of the panel regarding its ruling on the motion in limine. Appellant's counsel asserted that the trial court's denial of the opportunity to bring up the victim's age prevented him from determining whether prospective jurors would be able to consider the full range of punishment if the crime involved a child victim.[2] Counsel argued that he should be allowed to mention the victim's age or at least the more generic "young child" or "child," as shown in the following exchange:

> COUNSEL: My argument would be on this, Judge, that it's – hamstringing me to put on an effective defense for my client under the [Sixth] Amendment to the Constitution because I am – by the Court's ruling I am not allowed to go into – while it's not a fact – I understand it may be a fact of the case, this is punishment, and the Court knows that the first – the first witness out of the box is going to testify that the child is five years – was four years old when this happened, or it will certainly come out at some point during testimony.
>
> THE COURT: I'm not denying the fact that the fact is going to come out. That particular phrase that says, "If a juror has a bias or prejudice against any of the law applicable to this case." That doesn't have anything to do with the facts of the case, and that's what you're dealing with.

---

[2] Murder is a first-degree felony with a punishment range between five and ninety-nine years, or life, imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.32(a) (West 2019), 19.02(c).

COUNSEL: Well, but it does have to do with the law of the case that it's a five to 99 punishment. That's clearly a part of the law of the case where it's a five year – where the Court – where it's a five year is one of the ranges that they can consider.

THE COURT: And you're allowed to ask that.

COUNSEL: Well, and that's – okay. That was my next argument was – if – then I should be allowed to say –

THE COURT: No.

COUNSEL: – to ask, "Will the age of the victim be – would that affect – if the victim was young, if the victim was old, if the victim was two, if the victim was 80, will that affect your ability to be fair and impartial if the age of the" – the age of the victim without going into the facts of the case. I certainly don't want to say, "Hey, the victim here is four." I understand that I can't say that, but I think I can say, you know, if the victim is young, a child, would that – can you think of a set of circumstances – under *Cardenas*, can you think of a set of circumstances where you could give five years to – for the murder of a child as opposed to five years for example in Mr. Slack's, the old man who helps his long-suffering wife. And I'd also ask by those examples it also opens the door to the sort of question. So I think in order to effectively represent my client and give her the Constitutional defense she's entitled to, I should be allowed to go into – I should be allowed to go into the age of the child. If not, I should be able to go into a generic young child or child murder, would that affect your ability to be fair and impartial as to a fact of the law, which is the punishment, since this is a punishment case.

THE COURT: You can use the example that he used in some form or fashion, but if you say the word "child" I'm going to hold you in contempt of court.

COUNSEL: Well, how else, your Honor, shall I refer to somebody if not a child?

THE COURT: A young person.

COUNSEL: A young person? Okay. Fair enough.

During his voir dire, appellant's counsel informed the panel that the range of punishment at issue was five to ninety-nine years or life in prison. He questioned venire members regarding whether they could think of circumstances in which a five-year sentence might be appropriate and in which a life sentence might be appropriate. He

also asked, "Would it perhaps affect – what if [the victim] was a younger person or an older person that was – that was near death or a younger person that was, you know, had their whole life in front of them?  Would that – is that something that would affect your thinking on the appropriate punishment?"  Venire members responded with their opinions on whether those factors would influence their decision.

Following the punishment phase of the trial, the jury reached a unanimous verdict and assessed punishment at confinement in the correctional Institutional Division of the Texas Department of Criminal Justice for a period of ninety-nine years.

Analysis

In this appeal, appellant asserts that her trial strategy was to find sympathetic jurors who would consider the entire range of punishment, even in light of the victim's young age.  She argues that by prohibiting counsel from referring to the victim as a "child" in voir dire, the trial court prevented her from determining whether potential jurors would tend to be heavy-handed in punishment given the facts of the case.  Appellant seeks reversal for a new punishment hearing.

Standard of Review

The trial court has broad discretion over the jury selection process.  *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003) (citing *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002)).  A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry.  *Id.* at 755–56.  A question is proper if it seeks to discover a juror's views on an issue applicable to the case, but a question is impermissible if it attempts to commit a juror to a particular verdict based on particular facts.  *Id.* at 756.

4

Voir Dire

The purposes of voir dire are (1) to develop rapport between the officers of the court and the jurors; (2) to expose juror bias or interest warranting a challenge for cause; and (3) to elicit information necessary to intelligently use peremptory challenges. *See Cordova v. State*, 296 S.W.3d 302, 307 (Tex. App.—Amarillo 2009, pet. ref'd). A juror who testifies that she could not consider the minimum sentence as a proper punishment is properly the subject of a challenge for cause. *See Pierce v. State*, 696 S.W.2d 899, 902 (Tex. Crim. App. 1985) (en banc). But while a question committing a juror to consider the minimum punishment is permissible, "counsel veers into impermissible commitment questions when he attempts to commit a veniremember to consider the minimum sentence based on specific evidentiary facts." *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010).

Limitation on Reference to Victim's Age

Appellant acknowledges that case law supports the prohibition on references to the specific age of the victim during jury selection in cases where the age of the victim is not a part of the statutory elements or statutory manner and means of committing the offense. *See id.* at 189. For example, the Court of Criminal Appeals has held that a defendant's proposed question asking whether venire members could be impartial in an indecency case involving a victim who was eight to ten years old or, in the alternative, nine years old, was both an improper commitment question and so vague as to lead to an inappropriate fishing expedition. *Barajas*, 93 S.W.3d at 37–41. Appellant contends

5

that while *Barajas* and other cases prohibit references to the specific age of a victim, the trial court erred by proscribing the use of the more general identifier "child."

The *Barajas* court held that, if the defendant's purpose in asking a question was to determine whether venire members would consider the victim's age in assessing punishment, the question was improper. *Id.* at 40. "The appellant may not seek to commit venire members to assess or refrain from assessing punishment" on the basis of the victim's age. *Id.*

Here, appellant's proposed use of the word "child" to identify the victim would have given the panel a somewhat specific age range for the victim. By restricting appellant's terminology to "younger person," which is a broader term than "child," the trial court prevented the unnecessary and improper introduction of the facts of the case, while still allowing appellant to investigate venire members' opinions on whether they could consider the full range of punishment. We conclude that the trial court did not abuse its discretion in prohibiting references to the victim as a "child."

Conclusion

Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.

6