# NO. 12-21-00176-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICHARD KEITH TAYLOR,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Richard Keith Taylor appeals his conviction for possession of a controlled substance. In four issues, Appellant challenges the sufficiency of the evidence and argues the trial court erred by granting the State's challenges for cause as to twenty-eight venirepersons, overruling his objections to the State's closing argument, and improperly assessing a county specialty court account fee as a court cost. We affirm the trial court's judgment.

### BACKGROUND

Appellant was charged with possession of a controlled substance, namely methamphetamine, in an amount of less than one gram.[1] He pleaded "not guilty," and the matter proceeded to a jury trial. Officer Donald Schick of the Tyler Police Department testified that he was patrolling an area known as "Four Corners" when he observed a vehicle enter a motel parking lot and leave a short time later. Schick became suspicious because "Four Corners" motels are notorious for drug activity and the behavior he observed is consistent with drug activity. Schick initiated a traffic stop when the vehicle's driver, Appellant, used his right turn indicator to make a left turn. During the stop, Appellant told Schick that he was driving without a license and only had his vehicle for a few weeks. However, he told Schick that he had an

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021).

identification card. When Appellant unzipped a leather bag between his legs to retrieve his identification, Schick observed a methamphetamine pipe inside the bag. Schick then initiated a search of the vehicle. Schick's search revealed bags like those used to package drugs for sale, two baggies of methamphetamine, a long pipe, a set of keys with a metal screw-top container that contained crack cocaine, loose shards of methamphetamine in the seat, and a scale in the center console.

The jury found Appellant "guilty" as charged, found the allegations in two enhancement paragraphs to be "true" pursuant to Appellant's pleas of "true," and assessed punishment at fifteen years imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends that the evidence was insufficient to prove that he possessed the methamphetamine found in the car he was driving. According to Appellant, the State did not demonstrate that he illegally possessed the contraband; instead, the State's evidence merely showed that he was in the presence of the contraband.

### Standard of Review and Applicable Law

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We examine the evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences,

we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17).

"To prove unlawful possession of a controlled substance, the State must first prove appellant exercised actual care, control[,] and management over the contraband and second, that appellant had knowledge the substance in his possession was contraband." *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.) (citing *King v. State*, 895 S.W.2d 701, 702 (Tex. Crim. App. 1995)). Because control over contraband may be jointly exercised by more than one person, the State need not prove exclusive possession of the contraband. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); *State v. Derrow*, 981 S.W.2d 776, 799 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

A defendant's mere presence is insufficient to establish possession. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982). When an accused is not in exclusive possession of the location where contraband is found, additional independent facts and circumstances may affirmatively link him to the contraband. *Nixon*, 928 S.W.2d at 215. A nonexclusive list of factors relevant to knowing possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether the defendant owned or had a right to possess the place where contraband was found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the defendant's conduct indicated consciousness of guilt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016) (quoting *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). An "affirmative link" is "a shorthand expression of what must be proven to establish that a person possessed a drug 'knowingly or intentionally.'" *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In other words, "the concept of an affirmative link

is simply one way to describe the sufficiency of circumstantial evidence to prove intent to possess drugs." ***Brochu v. State***, 927 S.W.2d 745, 751 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (citing ***Brown***, 911 S.W.2d at 747). Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in ***Jackson***—whether, based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, the jury was rationally justified in finding guilt beyond a reasonable doubt. ***Tate***, 500 S.W.3d at 414; *see Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789. "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." ***Evans***, 202 S.W.3d at 162.

## Analysis

Appellant urges the evidence does not contain sufficient affirmative links to demonstrate he knowingly possessed the methamphetamine. In support of his argument, Appellant relies on the factors that he was not under the influence at the time of the traffic stop, he did not have a large amount of cash on his person, and that he did not attempt to flee.

However, the evidence includes several factors linking Appellant to the contraband. First, Appellant was the sole occupant of the vehicle at the time of the search. Second, while the methamphetamine was not found in plain sight, Appellant exposed a meth pipe to Schick while retrieving his identification. Third, the meth pipe was in Appellant's lap, a baggie of methamphetamine was under his seat, and the crack cocaine and scale were in the center console. Fourth, Schick testified that Appellant made furtive movements as if he was trying to hide something after he was pulled over. Fifth, as previously discussed, other drug paraphernalia and contraband was found in Appellant's vehicle. Sixth, Appellant indicated to Schick that the vehicle was his when he told the officer that he only had the vehicle a few weeks. Seventh, while Appellant did not admit to knowing the contraband was in his vehicle, Schick testified that Appellant did not appear surprised by it. *See **Tate***, 500 S.W.3d at 414 (holding that affirmative links include, among other things, the contraband's proximity to the defendant, the defendant's possession of other contraband, incriminating statements by the defendant, and whether the drugs were found in an enclosed area). Based on the combined and cumulative force of this evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed methamphetamine. *See Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789; ***Tate***, 500 S.W.3d at 414; ***Evans***, 202 S.W.3d at

4

162; **Brown**, 911 S.W.2d at 747; **McGoldrick**, 682 S.W.2d at 578; **Brochu**, 927 S.W.2d at 751; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West Supp. 2021). Therefore, the evidence was legally sufficient. *See* **Brooks**, 323 S.W.3d at 895. We overrule issue one.

## GRANTING OF STATE'S CHALLENGES FOR CAUSE

In his second issue, Appellant argues that the trial court erred by granting the State's challenges for cause as to venirepersons 3, 4, 9, 10, 15, 17, 18, 21, 23, 24, 28, 38, 41, 42, 45, 46, 54, 55, 57, 58, 63, 65, 66, 68, 69, 87, 90, and 96.

### Standard of Review and Applicable Law

We review complaints regarding the trial court's granting of the State's challenges for cause for an abuse of discretion. **Tracy v. State**, 597 S.W.3d 502, 512 (Tex. Crim. App. 2020). Because the trial court is in the best position to evaluate a potential juror's demeanor and responses, we give considerable deference to its ruling on a challenge for cause. **Hudson v. State**, 620 S.W.3d 726, 731 (Tex. Crim. App. 2021).

A challenge for cause is made on the ground that some fact makes a potential juror incapable of serving or unfit to serve on the jury. TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (West 2006). "[T]he proponent of a challenge for cause has the burden of establishing that the challenge is proper." **Gardner v. State**, 306 S.W.3d 274, 295 (Tex. Crim. App. 2009). To meet its burden, the proponent must show that the venireperson understood the requirements of the law and could not overcome his prejudice well enough to follow the law. *Id*. The State may challenge a potential juror if "he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment." TEX. CODE CRIM. PROC. ANN. art. 35.16(b)(3); *see* **Pierce v. State**, 696 S.W.2d 899, 901-03 (Tex. Crim. App. 1985) (concluding that the trial court erred by overruling a challenge for cause to a venireperson who said she could not consider the full range of punishment). "Both the State and the defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.*, from the maximum to the minimum and all points in between." **Cardenas v. State**, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). "[U]nless there is further clarification or vacillation by the juror, the trial judge must grant a challenge for cause if the juror states that he cannot consider the full range of punishment." *Id*. at 185.

### Analysis

During voir dire, the State asked the panel the following question:

> All right. Now, on the other side. Two years is the minimum, 20 years is the maximum. Is there anyone here who says, I really don't care what the evidence is, I can't consider 20 years in prison for possession of methamphetamine?

The prosecutor then verbally listed the jurors who raised their juror cards:

> 3, 4, 9, 10 -- do you have yours up? -- 15, 17, 18, 21, 22, 23, 24, 28, 41 -- is yours up, 38 -- okay, 38, 42 -- you can put yours down, ma'am -- 45, 46, 47, 51, 53, 54, 55, 56, 57, 58, 61, 63, 65, 66, 67, 68, 69, 70, 74, 75, 77, 78, 83, 84, 87, 90, 94, 96, 97. I think I got everyone.

Appellant's counsel individually questioned the jurors who raised their juror cards. Venirepersons 3, 4, 9, 10, 15, 17, 18, 21, 23, 24, 28, 38, 41, 45, 46, 55, 57, 58, 63, 65, 66, 68, 69, 87, 90, and 96 changed their answers. Venireperson 54 did not and was struck by both parties. The State challenged for cause all of the venirepersons who initially answered they could not consider the maximum sentence. Appellant objected, arguing they had been rehabilitated. The trial court overruled Appellant's objection and granted the challenges for cause.[2]

When the potential juror's answers are vacillating, unclear, or contradictory, particular deference is accorded to the trial court's decision. *Smith v. State*, 297 S.W.3d 260, 268 (Tex. Crim. App. 2009). The trial court was in the best position to evaluate the veniremembers' demeanor and responses. *See Hudson*, 620 S.W.3d at 731. Here, the record supports the trial court's ruling. Although Appellant attempted to rehabilitate the veniremembers, twenty-eight veniremembers clearly stated that they could not consider the maximum punishment range. The trial judge has the opportunity to observe the tone and demeanor of prospective jurors, while we only have a cold record. *See Smith*, 297 S.W.3d at 271. We give "almost total deference" to the

---

[2] At trial, the State argued that the "the case law says that once a juror unequivocally states that they cannot follow the law, they can't be rehabbed." On appeal, the State concedes this argument misstates the law: "the State has been unable to ascertain what case he was talking about, and its own research does not support this claim." We have previously held that all of a venireperson's answers should be considered, not just the first ones. *See Fielder v. State*, No. 12-11-00090-CR, 2012 WL 951916, at *2 (Tex. App.—Tyler Mar. 14, 2012, pet. ref'd) (mem. op., not designated for publication).

In civil cases, several intermediate appellate courts, including our court, previously held that jurors could not be rehabilitated after unequivocally expressing bias. *See State v. Dick*, 69 S.W.3d 612, 620 (Tex. App.—Tyler 2001), *overruled by Cortez v. HCCI-San Antonio, Inc.*, 159 S.W.3d 87, 92 (Tex. 2005). Further questioning of a potential juror who expressed an apparent bias is permitted, and a trial court should consider the entire examination in determining whether a potential jury is biased. *Cortez v. HCCI-San Antonio, Inc.*, 159 S.W.3d at 91-92.

trial court's resolution of issues that turn on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Therefore, according appropriate deference to the trial court's decision, we hold that the trial court did not abuse its discretion in sustaining the State's challenges for cause. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a), (b)(3); *Smith*, 297 S.W.3d at 269; *Tracy*, 597 S.W.3d at 512; *Cardenas*, 325 S.W.3d at 184-85; *Gardner*, 306 S.W.3d at 295. Appellant's second issue is overruled.


## OBJECTIONS TO STATE'S CLOSING ARGUMENT

In his third issue, Appellant urges the trial court erred by overruling his objections to two portions of the State's closing argument. Specifically, Appellant maintains that the State's closing argument improperly commented on his failure to testify and shifted the burden of proof to him.

### Standard of Review and Applicable Law

We review challenges to rulings on objections to allegedly improper closing argument for abuse of discretion. *Lemon v. State*, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd). Permissible jury argument generally consists of (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) responses to opposing counsel's arguments, and (4) pleas for law enforcement. *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019); *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). When the State's argument falls within any of these categories, the trial court does not err by allowing such argument. *Davila v. State*, 952 S.W.2d 872, 879 (Tex. App.—Corpus Christi 1997, pet. ref'd).

The prosecutor is not permitted to comment on an accused's failure to testify because such a comment violates the accused's privilege against self-incrimination and his freedom from being compelled to testify. *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). "To violate the right against self-incrimination, the offending language must be viewed from the jury's standpoint and the implication that the comment referred to the defendant's failure to testify must be clear." *Id*. "The test is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Id*. We must analyze the language used in the context in which the comment was made. *Id*. "A mere indirect or implied allusion to the accused's failure to testify does not violate [his] rights." *Patrick v. State*, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995).

In addition, the prosecutor may argue that a defendant failed to present evidence in his favor, and such a comment does not constitute an impermissible attempt to shift the burden of proof. ***Bible v. State***, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005). "[I]f the language can reasonably be construed to refer to [A]ppellant's failure to produce evidence other than his own testimony, the comment is not improper." ***Patrick***, 906 S.W.2d at 491. A plea for law enforcement is proper argument and may take many forms, including arguments that draw on the impact of the jury's verdict on the community at large. *See* ***Borjan v. State***, 787 S.W.2d 53, 55-56 (Tex. Crim. App. 1990) (holding that the State may argue the impact of the jury's verdict on the community); *Nelson v. State*, 881 S.W.2d 97, 102 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

**Analysis**

Appellant complains of the following portions of the State's argument during rebuttal:

> [Prosecutor]: As I told you in voir dire that occasionally there will be someone that will say, Well, they didn't do this or they didn't do that. You know what? At the end of day, whether we tested the pipes, it doesn't matter. You know why? Because there was methamphetamines and cocaine that was tested and it came back positive. But if it bothers the defendant so bad, you know what he has an absolute right to do? To have that independently tested, and he didn't. So don't let them get up here and try -- this is the --
>
> [Defense Counsel]: Judge, I'm going to object to that because the burden of proof is not on us, Your Honor.
>
> THE COURT: The burden of proof is on the State, and that's in the Court's charge to the jury. So that -- if that's an objection, it's overruled.
>
> [Prosecutor]: Let me be clear. The defendant doesn't have a burden to do anything, but, just like I explained in voir dire, they have a right to present evidence to you if they think it's beneficial to their case. I also explained to you that on occasion they will be more than happy to point out that we didn't bring something to you to suggest that perhaps we're hiding something. If the testing of these pipes was so important to this case, you know who could have brought that evidence to you? Richard Taylor. And he chose not to. At the end of the day does he have to? No. But if he's going to stand up here and tell you that you should take that into consideration as to why you should find him not guilty, then, yeah, I'm going to point it out.
>
> [Defense Counsel]: Judge, for record purposes, I just made objection -- I was arguing what the evidence presented, Your Honor.
>
> THE COURT: You were arguing how you -- you made an objection, you made your argument. Your last objection was overruled. If this is an objection, it's overruled, too.

On appeal, Appellant argues that these portions of the State's argument were comments on his failure to testify and shifted the burden of proof. Viewing all of the complained-of argument in context, we conclude that the prosecutor was referring to Appellant's failure to

produce evidence the pipes were not used for illegal drugs rather that Appellant's decision not to testify. *See Bustamante*, 48 S.W.3d at 764. The prosecutor specifically reminded the jury that the State bore the burden of proof and that Appellant did not. The trial court likewise reminded the jury that the State bears the burden of proof; we assume the jury followed the trial court's instructions. *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (en banc). Furthermore, during his closing argument, defense counsel argued that the State failed to prove its case partially because the pipes, which were in plain view, were not tested for drugs. Therefore, the prosecutor's argument during rebuttal was permissible because it was in response to defense counsel's argument. *See Milton*, 572 S.W.3d at 239; *Brown*, 270 S.W.3d at 570; *Davila*, 952 S.W.2d at 879.

Appellant also complains about another portion of the State's argument, urging that it presented evidence outside the record:

> [Prosecutor]: So the fact that this was a short trial, don't let that in any way indicate to you that it's not important. It should be important to you as well, and here's why: Because when I asked the question does anybody think we need more drugs dealer in the community, no one raised their card.
>
> [Defense Counsel]: Judge, I'm going to object to that if he's trying to say my client's a drug dealer. This case is not manufacture/delivery of a controlled substance.
>
> THE COURT: All right. That objection is overruled.

However, Appellant ignores the following portion of the State's argument after the trial court overruled Appellant's objection:

> [Prosecutor]: Finishing my argument, he's correct I'm not going to insinuate his client's a drug dealer, but I will tell you this: Drug dealers wouldn't exist if they didn't have people to sell drugs to, and that's where he does fall in because he's a user. So it should matter to you as well, because as long as there is a need for drugs on the street, there will be a supply, and that's why it should matter to you.

The State clarified that it was not calling Appellant a drug dealer. We conclude that the prosecutor's argument constituted a plea for law enforcement, which is a permissible argument. *See Milton*, 572 S.W.3d at 239; *Borjan*, 787 S.W.2d at 55-56; *Nelson*, 881 S.W.2d at 102.

For all these reasons, the prosecutor's argument during rebuttal was not improper, and it did not constitute a comment on Appellant's failure to testify or impermissibly shift the burden

of proof to him. *See Bible*, 162 S.W.3d at 249; *Patrick*, 906 S.W.2d at 491. Accordingly, we overrule issue three.

## COUNTY SPECIALTY COURT ACCOUNT FEE

In his fourth issue, Appellant challenges the assessment of the county specialty court account fee in the bill of costs. Specifically, Appellant contends that no statutory authority supports imposition of the fee.

### Applicable Law

Section 134.101(a) of the Texas Local Government Code requires a person convicted of a felony committed on or after January 1, 2020, to pay a "Local Consolidated Fee on Conviction of Felony" of $105 as a court cost. TEX. LOC. GOV'T CODE ANN. § 134.101(a) (West 2021); *see Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet.) (mem. op., not designated for publication). The statute provides that the fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. TEX. LOC. GOV'T CODE ANN. § 134.101(b) (West 2021).

### Analysis

The trial court assessed a county specialty court account fee of $25 in the bill of costs. The commission date of the offense for which Appellant was convicted is August 24, 2020. Therefore, assessment of a fee for the county court specialty account as part of the Local Consolidated Fee on Conviction of Felony is expressly authorized by Section 134.101 of the Texas Local Government Code. *Id*. § 134.101; *see Hayes*, 2021 WL 1418400, at *2. We overrule issue four.

## DISPOSITION

Having overruled each of Appellant's four issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered May 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2022**

**NO. 12-21-00176-CR**

**RICHARD KEITH TAYLOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1828-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*