# NO. 12-24-00061-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALLEN RENE MOORE,* <br> *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Allen Rene Moore appeals his conviction for possession of a controlled substance. In three issues, Appellant challenges the sufficiency of the evidence, contends the trial court improperly assessed attorney's fees against him, and argues that his punishment is grossly disproportionate to his crime and is therefore cruel and unusual. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely methamphetamine.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Deputy John McLean of the Smith County Sheriff's Office testified that he was patrolling when

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West Supp. 2023).

he saw a vehicle driven by Appellant change lanes without a signal, and he noticed that the vehicle's tail lamps were not illuminated. While McLean drove behind Appellant, he learned that the vehicle's registration was expired. McLean initiated a traffic stop, and upon reaching the vehicle, he observed that the vehicle did not have an ignition, and Appellant "was having to use a screwdriver to crank the vehicle." A female passenger was also in the vehicle.

Although McLean initially believed the vehicle might have been stolen, he learned that it was not. McLean eventually asked Appellant to exit the vehicle, and Appellant consented to a search of both the vehicle and his person. Upon searching Appellant, McLean found a small clear baggie, which contained a crystal substance he believed to be methamphetamine, in the right pocket of Appellant's pants. According to McLean, Appellant did not seem shocked. Appellant told McLean that someone else did his laundry. Footage from McLean's body camera, dash camera, and in-car camera was admitted into evidence and published to the jury. James Marzelli, a drug analyst with the Texas Department of Public Safety crime lab in Tyler, Texas, testified that the substance found in Appellant's pants was 1.3 grams of methamphetamine.

Appellant testified that he has previous convictions for "a number of theft charges[]" as well an "amphetamine charge[.]" He explained that on the date in question, he was helping his passenger move away from an abusive relationship. Appellant stated that he was cooperative when McLean stopped him because he "had no reason to be concerned other than traffic violations[,]" and he consented to a search of his car and his person. When asked why he did not say anything when McLean found methamphetamine in his pocket, Appellant testified, "I was shocked for one thing. . . . I did not know it was there[.]" Appellant testified that if he knew the pocket of the pants contained drugs, he "would have done something with them[]" because he "had ample time."

According to Appellant, he was filthy because he and the passenger spent the day in question loading the truck. Appellant explained that when his passenger asked him if he wanted to shower, he told her he did not have any clothes to change into, so she offered him some clothing that belonged to the man with whom she was in a relationship. According to Appellant, he took a shower and changed into the clothes she provided. When asked why he told McLean that someone else did his laundry, Appellant stated that he meant "that the clothes came from someone else." Appellant denied knowing that methamphetamine was in the pants and testified that he did not knowingly possess it. During cross-examination, Appellant acknowledged that when his wife died in 2018, he resumed using methamphetamine. Appellant testified that in 2022, he was arrested for

2

manufacture or delivery of methamphetamine in Upshur County, but he has not been indicted on that charge. Appellant testified that in 2023, he intentionally violated the terms of his bond by taking drugs so the State would pay for him to attend drug rehabilitation.

The jury found Appellant "guilty" of possession of a controlled substance and assessed punishment at life in prison. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In issue one, Appellant challenges the sufficiency of the evidence supporting his conviction. According to Appellant, the State's evidence did not demonstrate that he possessed the contraband; rather, the State merely showed that he was in the presence of the contraband.

## Standard of Review

The *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We examine the evidence in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *see also Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). The factfinder may accept one version of the facts and reject another or reject any of a witness's testimony. *Penagraph*, 623 S.W.2d at 343. We give full deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also "'determine whether the necessary

inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17).

**Analysis**

Appellant argues that the evidence was insufficient to prove that he knowingly possessed methamphetamine. According to Appellant, the State's evidence merely established that he was in the presence of contraband.

The Texas Penal Code defines "possession" as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2023). To prove unlawful possession of a controlled substance, the State must prove that (1) the accused exercised actual care, control, or management over the contraband and (2) the accused knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Because contraband may be possessed by more than one person, the State need not prove exclusive possession of the contraband. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); *State v. Derrow*, 981 S.W.2d 776, 799 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). An accused's mere presence is insufficient to establish possession of contraband. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982).

When the contraband is not in the defendant's exclusive possession, additional independent facts and circumstances may affirmatively link the defendant to the contraband. *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.). A nonexclusive list of factors relevant to knowing possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether the defendant owned or had a right to possess the place where contraband was found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the defendant's conduct indicated consciousness of guilt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016) (quoting *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim.

4

App. 2006)). An "affirmative link" is "a shorthand expression of what must be proven to establish that a person possessed a drug 'knowingly or intentionally.'" *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). In other words, "the concept of an affirmative link is simply one way to describe the sufficiency of circumstantial evidence to prove intent to possess drugs." *Brochu v. State*, 927 S.W.2d 745, 751 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (citing *Brown*, 911 S.W.2d at 747). "Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson:* [whether,] [b]ased on the combined and cumulative force of the evidence and any reasonable inferences therefrom, . . . a jury [was] rationally justified in finding guilt beyond a reasonable doubt[.]" *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2789). "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

The jury heard evidence that McLean found methamphetamine in the pocket of the pants Appellant was wearing. In addition, the jury heard evidence that although Appellant initially told McLean someone else did his laundry, Appellant testified at trial that the pants he was wearing did not belong to him. The jury was entitled to accept McLean's testimony and to reject Appellant's testimony. *See Penagraph*, 623 S.W.2d at 343. Based on the combined and cumulative force of the evidence and the reasonable inferences therefrom, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that Appellant knowingly possessed methamphetamine. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Tate*, 500 S.W.3d at 414; *Brooks*, 323 S.W.3d at 895; *Evans*, 202 S.W.3d at 162; *Poindexter*, 153 S.W.3d at 405; *Brown*, 911 S.W.2d at 747; *McGoldrick*, 682 S.W.2d at 578; *Brochu*, 927 S.W.2d at 751; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). (West Supp. 2023). Accordingly, we overrule issue one.

## COURT COSTS

In issue two, Appellant contends the trial court erroneously assessed attorney's fees against him. Specifically, Appellant argues that the trial court found him indigent and appointed counsel to represent him at trial, and he maintains that the record does not demonstrate that his indigent status changed. The State concedes error.

**Standard of Review and Applicable Law**

The Texas Code of Criminal Procedure authorizes the appointment of counsel to represent indigent defendants. TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (West Supp. 2023). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id*. art. 26.04(p) (West Supp. 2023); *see Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). If, after a defendant is convicted, the trial court determines that the defendant has financial resources that enable him to offset, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court must order the defendant to reimburse the amount it finds he can pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2023). But before a trial court may order reimbursement of attorney's fees by such a defendant, the court must determine, based on facts in the record, that the defendant has the financial resources to enable him to offset, in whole or in part, the costs of the legal services provided. *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not demonstrate that the defendant's financial circumstances materially changed, there is no basis for ordering reimbursement of attorney's fees. TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 557; *Johnson*, 405 S.W.3d at 354. No objection is necessary to preserve a claim that there is no evidence of a defendant's ability to pay attorney's fees. *Mayer*, 309 S.W.3d at 556.

**Analysis**

In the instant case, the judgment obligates Appellant to pay attorney's fees in the amount of $300. The record demonstrates that the trial court determined that Appellant is indigent and appointed both trial and appellate counsel for Appellant. The bill of costs indicates that the court costs assessed against Appellant totaled $554, which included attorney's fees in the amount of $300. Because the record does not show that the trial court ever concluded that Appellant's financial circumstances materially changed after the trial court found him indigent, no basis supports the trial court's order requiring Appellant to reimburse the attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 556-57; *Johnson*, 405 S.W.3d at 354. Accordingly, we sustain issue two and modify the trial court's judgment, Order to Withdraw Funds, and bill of costs by deleting the attorney's fees in the amount of $300.

In issue three, Appellant argues that the life sentence imposed by the jury amounts to cruel and unusual punishment because it is disproportionate to other sentences for the same offense and the facts and circumstances of the crime committed. However, Appellant did not raise a timely objection in the trial court asserting that his punishment was cruel and unusual, and he therefore failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of rights under United States Constitution); *see also* TEX. R. APP. P. 33.1(a); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] [and] . . . it [is] incumbent upon the Court itself to take up error preservation as a threshold issue."). Despite Appellant's failure to preserve error, for the reasons explained herein, we conclude that his sentence does not constitute cruel and unusual punishment.

"The legislature is vested with the power to define crimes and prescribe penalties." *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In this case, the jury convicted Appellant of possession of a controlled substance and found that Appellant was previously convicted of two felony offenses. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West Supp. 2023) (providing that offense of possession of a controlled substance in an amount of one gram or more but less than four grams is a third-degree felony); TEX. PENAL CODE ANN. § 12.34(a) (West 2019) (setting range of punishment for third-degree felony at confinement for not more than ten years or less than two years); TEX. PENAL CODE ANN. § 12.42(d) (West 2019) (providing that if it is shown on trial of a felony offense other than state jail felony that defendant has previously been finally convicted of two felony offenses, defendant shall be punished by imprisonment for life or for a term of not more than 99 years or less than 25 years). The life sentence imposed by the jury falls within the range of punishment set by the legislature. Therefore, Appellant's punishment is not prohibited as cruel, unusual, or excessive per se. *See Harris*, 656 S.W.2d at 486; *Jordan*, 495 S.W.2d at 952; *Davis*, 905 S.W2d at 664.

Nonetheless, Appellant urges this Court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the

proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. After the United States Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), Texas courts and the Fifth Circuit Court of Appeals modified the application of the *Solem* test to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See*, *e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in making a threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. In *Rummel*, the United States Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. The appellant in *Rummel* received a life sentence because he had two prior felony convictions – one for fraudulent use of a credit card to obtain goods worth $80.00 and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and considering the purpose of the habitual offender statute, the Court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284-85, 100 S. Ct. at 1145.

In the instant case, Appellant's offense – possession of a controlled substance – is no less serious than the combination of offenses committed by the appellant in *Rummel*, and Appellant's life sentence is no more severe than the life sentence upheld in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* is not constitutionally disproportionate, neither is the sentence imposed upon Appellant. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *Jackson*, 989 S.W.2d at 845-46. Accordingly, we overrule issue three.

### DISPOSITION

Having overruled issues one and three and having sustained issue two, we *modify* the trial

8

court's judgment, Order to Withdraw Funds, and bill of costs to reflect that the amount of court costs and fees is $254.00.  In all other respects, we ***affirm*** the trial court's judgment.



**JAMES T. WORTHEN**
Chief Justice



Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00061-CR**

**ALLEN RENE MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1360-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion that the judgment of the court below should be modified, and as modified, affirmed.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment, order to withdraw funds, and bill of costs of the court below are *modified* to reflect that the amount of court costs and fees is $254.00. In all other respects, we *affirm* the trial court's judgment; and order that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*